DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
MICHAEL J. THOMAS (Bar No. 172326)
MEGHAN M. BAKER (Bar No. 243765)
555 Capitol Mall, Tenth Floor
Sacramento, CA 95814-4686
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
bwarne@downeybrand.com
mthomas@downeybrand.com
mbaker@downeybrand.com

Attorneys for Defendants
SUPERIOR FIREPLACE COMPANY; LENNOX HEARTH PRODUCTS INC.; LENNOX INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK KEILHOLTZ and KOLLEEN KEILHOLTZ for themselves and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR FIREPLACE COMPANY; LENNOX HEARTH PRODUCTS INC.; LENNOX INTERNATIONAL INC. and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. C 08-00836SI<br><br>**DECLARATION OF MEGHAN M. BAKER IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>Date: November 21, 2008<br>Time: 9:00 a.m.<br>Location: Courtroom 10 |

I, MEGHAN M. BAKER, declare as follows:

1. I am an attorney licensed to practice law in the State of California, and I am an associate at Downey Brand LLP, attorneys of record for Defendants Lennox Hearth Products Inc. ("Lennox Hearth") and Lennox International Inc. ("Lennox International"). I have personal knowledge of the facts set forth herein, except those matters stated upon information and belief. If called to testify, I could and would testify competently to the contents hereof.

2. On February 6, 2008, Plaintiffs Rich and Donna Perry ("Perrys") filed a class-action Complaint against Defendants Lennox Hearth, Lennox International and Superior

Fireplace Company ("Superior") in United States District Court, Northern District of California ("*Perry* class action"). The Perrys purport to represent a national class of consumers who own homes in the United States in which one or more Superior or Lennox brand single pane sealed glass front fireplaces have been installed within ten (10) years prior to the date of the filing of the Complaint. In the Complaint, the Perrys assert three claims for (1) violation of California Business and Professions Code section 17200, (2) violation of the Consumer Legal Remedies Act, and (3) unjust enrichment.

3. Plaintiffs in the *Perry* class action are represented by Kirk Wolden and other attorneys at the Arnold Law Firm.

4. Additionally, in mid-February 2008, several lawyers from the Alabama law firm of Cory, Watson, Crowder & DeGaris ("Cory Watson") filed *pro hac vice* applications for admission to practice in the United States District Court, Northern District of California, to represent Plaintiffs in the *Perry* class action. On March 11, 2008, the Court granted the *pro hac vice* applications of Ernest Cory, Jason Shamblin, Hirlye "Ryan" Lutz III, and F. Jerome Tapley.

5. Defendants Superior, Lennox Hearth and Lennox International are represented by Downey Brand LLP ("Downey Brand") in the *Perry* class action.

6. On February 6, 2008, the same day the Perrys filed their Complaint, Plaintiffs Kirk and Kolleen Keilholtz ("Keilholtzs") filed a Class-Action Complaint against Defendants Superior, Lennox Hearth and Lennox International in United States District Court, Northern District of California ("*Keilholtz* class action"). Like the Perrys, the Keilholtzs purport to represent a national class of consumers who own homes in the United States in which one or more Superior or Lennox brand single pane sealed glass front fireplaces have been installed within ten (10) years prior to the date of the filing of the Complaint. In this Complaint, the Keilholtzs assert the same three claims as the Perrys for (1) violation of California Business and Professions Code section 17200, (2) violation of the Consumer Legal Remedies Act, and (3) unjust enrichment.

7. Plaintiffs in the *Keilholtz* class action are represented by Kirk Wolden and other attorneys at the Arnold Law Firm.

////

8. Additionally, several attorneys from Cory Watson filed *pro hac vice* applications for admission to practice in the United States District Court, Northern District of California, to represent Plaintiffs in the *Keilhotlz* class action. On August 13, 2008, the Court granted the *pro hac vice* applications of Jason Shamblin, Hirlye "Ryan" Lutz III, and F. Jerome Tapley.

9. Defendants Superior, Lennox Hearth and Lennox International are represented by Downey Brand in the *Keilholtz* class action.

10. On May 2, 2008, Kirk Wolden sent our firm a letter advising that the Keilholtzs had filed a class action lawsuit *three months earlier* in the United States District Court, Northern District of California. Before receiving this letter, neither Defendants nor their counsel were aware that two identical class action lawsuits, filed by the same law firm against the same corporate Defendants, were pending in the Northern District of California.

11. After receiving the May 2, 2008, letter, I participated in a conference call with Kirk Wolden from the Arnold Law Firm and Michael Thomas, a partner at Downey Brand. During the conference call, Mr. Thomas asked Mr. Wolden why he had filed two identical class action complaints on the same day in the same court. Mr. Wolden indicated that he would not divulge his strategy for filing the identical lawsuits based on the attorney work product doctrine.

12. On July 11, 2008, I attend a Status Conference in the *Keilholtz* class action with William Warne, a partner at our firm. Kirk Wolden of the Arnold Law Firm and Jerome Tapley of Cory Watson appeared on behalf of Plaintiffs. During that Status Conference, Mr. Warne informed the Court that we believed Plaintiffs in the *Perry* and *Keilholtz* class actions, and/or their counsel, had engaged in impermissible judge shopping. Mr. Warne discussed the sequence of the class action filings briefly, the assignment of judges, and the eventual dismissal of the *Perry* class action. After this discussion, Judge Illston turned to Mr. Wolden and Mr. Tapley and gave them an opportunity to explain the reason for the duplicative filings. Mr. Wolden and Mr. Tapley did not respond. In fact, during the entire time Mr. Warne discussed the judge-shopping issue with the Court, neither Mr. Wolden and Mr. Tapley offered any explanation for the duplicative filings. At the end of the discussion of this issue, Mr. Warne indicated that Defendants intended to file a motion for monetary and/or other sanctions. Judge Illston indicated

that she would further address the issue at that time, and also perhaps on the motion for class certification, if appropriate.

13. To date, I have spent 6.3 hours for work related to the *Perry* class action, including legal research, drafting correspondence to opposing counsel, drafting and responding to emails with our clients, and participating in a telephone conference with the clients. Additionally, I have spent an additional 16.1 hours researching the standards and case law on improper judge shopping and drafting the Motion for Sanctions, this Declaration and other supporting papers. I have charged our clients $210.00 for my work in these matters. Defendants therefore incurred a total of $4,704.00 in fees for my work in connection with this litigation.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on October 13, 2008, at Sacramento, California.

___/s/ Meghan M. Baker___
Meghan M. Baker