DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
MICHAEL J. THOMAS (Bar No. 172326)
MEGHAN M. BAKER (Bar No. 243765)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4713
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
bwarne@downeybrand.com
mthomas@downeybrand.com
mbaker@downeybrand.com

Attorneys for Defendants
LENNOX HEARTH PRODUCTS INC. and
LENNOX INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK KEILHOLTZ and KOLLEEN KEILHOLTZ for themselves and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENNOX HEARTH PRODUCTS INC.; LENNOX INTERNATIONAL INC. and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. 3:08-cv-00836-SI<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 9(b) AND 12(B)(6)**<br><br>Date:      December 12, 2008<br>Time:     9:00 a.m.<br>Location: Courtroom 10<br><br>Complaint Filed February 6, 2008 |

965085.1

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ..................................................................................................................1

II.  ARGUMENT .........................................................................................................................2

    A.   Plaintiffs Have Not Plead Their Claims with the Requisite Particularity ...............2

        1.   Plaintiffs Must Satisfy the Heightened Pleading Standard of 9(b) .............2

        2.   Plaintiffs Have Not Plead the Alleged Misrepresentations and False Advertising with Particularity ..................................................................3

    B.   Plaintiffs Have Not Satisfied the Pre-Litigation CLRA Notice Requirements ............................................................................................................4

    C.   Plaintiffs Failed To Allege Sufficient Facts to Support Their CLRA Claim Because Defendants Have Not Engaged in a "Transaction" ..................................7

    D.   The Claims Asserted by Class Members Who Own Homes In Which Fireplaces Were Installed Over Three to Four Years Ago Are Barred by the Statute of Limitations .................................................................................................9

        1.   The Delayed Discovery Rule Does Not Apply to the UCL Claim ...........10

        2.   Plaintiffs Have Not and Cannot Allege Sufficient Facts for the Fraudulent Concealment Doctrine to Toll the Statute of Limitations .......11

    E.   Plaintiffs Cannot Maintain a Claim for Unjust Enrichment .................................12

III.  CONCLUSION ....................................................................................................................14

# TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Cattie v. Wal-Mart Stores Inc.*,
  504 F. Supp. 2d 939 (S.D. Cal. 2007) ................................................................................. 5

*Chamberlain v. Ford Motor Co.*,
  369 F.Supp.2d 1138 (N.D. Cal. 2005) ................................................................................ 8

*Conerly v. Westinghouse Elec. Corp.*,
  623 F.2d 117 (9th Cir. 1980) ............................................................................................ 11

*Conley v. Gibson*,
  355 U.S. 41 (1957) .................................................................................................. 7, 9, 12

*Endres v. Wells Fargo Bank*,
  2008 WL 344204, *6 (N.D. Cal. 2008) ............................................................................ 10

*Falk v. General Motors Corporation*,
  496 F.Supp.2d 1088 (N.D. Cal. 2007) ........................................................................ 12, 13

*In re Conseco Ins. Co. Annuity Mktg. and Sales Practice Litig.*,
  2007 U.S. Dist. LEXIS 12786 (N.D. Cal. 2007) .............................................................. 10

*Karl Storz Endoscopy Am., Inc. v. Surgical Techs. Inc.*,
  285 F.3d 848 (9th Cir. 2002) ............................................................................................ 10

*Laster v. T-Mobile USA, Inc.*,
  407 F.Supp.2d 1181 (S.D. Cal. 2005) ............................................................................ 5, 6

*McCready v. American Honda Motor Corporation*,
  2006 WL 1708303, *5 (N.D. Cal. 2006) ....................................................................... 2, 10

*Moore v. Kayport Package Exp., Inc.*,
  885 F.2d 531 (9th Cir. 1989) .............................................................................................. 3

*Mujica v. Occidental Petroleum Corp.*,
  381 F.Supp.2d 1164 (C.D. Cal. 2005) .............................................................................. 10

*Multimedia Patent Trust v. Microsoft Corp.*,
  525 F.Supp.2d 1200 (S.D. Cal. 2007) ................................................................................ 2

*Rambus Inc. v. Samsung Elecs. Co.*,
  2007 U.S. Dist. LEXIS 3088 (N.D. Cal. 2007) ................................................................ 10

*Sakai v. Merrill Lynch Life Ins. Co.*,
  2008 U.S. Dist. LEXIS 69420 (N.D. Cal. 2008) .............................................................. 10

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
  983 F.Supp. 1303 (N.D. Cal. 1997) ................................................................................... 2

**TABLE OF AUTHORITIES**
(continued)

Page

*Stickrath v. Globalstar, Inc.*,
    527 F. Supp. 2d 992 (N.D. Cal. 2007) .................................................................. 2, 3, 4

*Von Grabe v. Sprint*,
    312 F. Supp. 2d 1285 (S.D. Cal. 2003) ..................................................................... 5, 6

*Walker v. GEICO General Ins. Co.*,
    2007 WL 499660, *4 (E.D. Cal. 2007) .................................................................. 12, 13

**STATE CASES**

*Childers v. Childers*,
    74 Cal.App.2d 56 (1946) ........................................................................................ 8, 10

*First Nationwide Savings v. Perry*,
    11 Cal. App. 4th 1657 (1992) ................................................................................... 9, 13

*Hogya v. Superior Court*,
    75 Cal.App.3d 122 (1977) ............................................................................................. 8

*Kagan v. Gilbralter*,
    35 Cal.3d 582 (1984) ................................................................................................. 5, 6

*Khoury v. Maly's of California, Inc.*,
    14 Cal.App.4th 612 (1993) ............................................................................................. 2

*Massachusetts Mutual v. Superior Court*,
    97 Cal.App.4th 1282 (2002) ......................................................................................... 10

*McKell v. Washington Mutual, Inc.*,
    142 Cal. App. 4th 1457 (2006) ..................................................................................... 12

*Melchior v. New Line Productions, Inc.*,
    106 Cal. App. 4th 779 (2003) ....................................................................................... 12

*Outboard Marine Corp. v. Superior Court*,
    52 Cal.App.3d 30 (1975) ............................................................................................ 5, 6

*Saunders v. Superior Court*,
    27 Cal.App.4th 832 (1994) ............................................................................................. 2

*Snapp & Assoc. Ins. Servs., Inc. v. Robertson*,
    96 Cal. App. 4th 884 (2002) ................................................................................... 10, 12

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17208 .......................................................................................... 9

Cal. Civ. Code § 1761 ......................................................................................................... 7

Cal. Civ. Code § 1770 ......................................................................................................... 7

**TABLE OF AUTHORITIES**
**(continued)**

Page

Cal. Civ. Code § 1780 .................................................................................................................7

Cal. Civ. Code § 1782 .................................................................................................................4

Cal. Civ. Code § 1783 ...........................................................................................................9, 13

# I. INTRODUCTION

In their Opposition, Plaintiffs repeat certain allegations in their Complaint over and over again, none of which have anything to do with the specific issues raised in the Motion to Dismiss. Apparently, Plaintiffs hope that the more they repeat these allegations in their Opposition, the legal and pleading defects in their Complaint will somehow disappear. On the contrary, the repetition of these irrelevant accusations only serve to highlight the inadequacy of their Complaint and the multiple reasons for its dismissal.

The Complaint should be dismissed on multiple grounds. First, Plaintiffs have failed to plead the misrepresentation and false advertising supposedly underlying their UCL, CLRA and unjust enrichment claims with the requisite particularity. Plaintiffs never bother to address this specific issue in their Opposition. Second, Plaintiffs have not and cannot allege sufficient facts to demonstrate compliance with the pre-lawsuit notice requirements of the CLRA. Indeed, their Opposition admits that Plaintiffs never provided notice before filing this lawsuit. Third, Plaintiffs have not alleged that Defendants engaged in a "transaction" with an "individual" who purchased the fireplaces for "personal, family, or household purposes," as required by CLRA. Again, Plaintiffs never address this specific issue in their Opposition.

Fourth, the UCL claims asserted by class members who own a home in which a fireplace was installed more than four years ago are barred by the statute of limitations, while the CLRA and unjust enrichment claims asserted by class members who own a home in which a fireplace was installed more than three years ago are barred by the statute of limitations. Plaintiffs cannot avoid this result by asserting Defendants "concealed" that fireplaces become hot during operation. And finally, Plaintiffs cannot maintain an unjust enrichment claim as a matter of law and under the circumstances of this case.

For these reasons, the court should not only dismiss the Complaint, but refuse to grant Plaintiffs leave to amend their CLRA and unjust enrichment claims, as well as the UCL, CLRA and unjust enrichment causes of action that are asserted by class members whose claims are barred by the three or four statute of limitations.

///

## II. ARGUMENT

**A.     Plaintiffs Have Not Plead Their Claims with the Requisite Particularity**

Contrary to the arguments in their Opposition, Plaintiffs must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Application of this well-established standard to the fraud allegations in the Complaint shows that Plaintiffs have not sufficiently alleged the misrepresentations and false advertising supposedly underlying their UCL, CLRA and unjust enrichment claims.

### *1.     Plaintiffs Must Satisfy the Heightened Pleading Standard of 9(b)*

Citing *Saunders v. Superior Court*, Plaintiffs argue that their "UCL causes [sic] of action . . . do not need to meet the heightened pleading requirements set forth in Rule 9(b) because the term 'fraudulent' as used in [Business and Professions Code] Section 17200 does not refer to the common law tort of fraud." (Opp'n at 3:25-28.) The *Saunders* decision, however, does not address whether a heightened pleading applies to UCL claims, either under Rule 9(b) or the state law equivalent. *See* 27 Cal.App.4th 832 (1994). Rather, *Saunders* merely stands for the proposition that a UCL claim for fraudulent business practices and a claim for common law fraud have different *elements* and therefore require different types of *proof*. *See id.* at 839. In no way does *Saunders* address *how* these *elements* must be pled in a complaint. *See id.*

In fact, Plaintiffs do not cite any cases in their Opposition holding that UCL, CLRA and unjust enrichment claims sounding in fraud are not subject to the requisite heightened pleading standard for fraud. (*See* Opp'n at 3-7.) Plaintiffs have not and cannot do so because the state and federal courts have consistently held that such claims must be plead with particularity. *See, e.g., Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619 (1993); *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 997 (N.D. Cal. 2007); *McCready v. American Honda Motor Corporation*, 2006 WL 1708303, *5 (N.D. Cal. 2006); *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.Supp. 1303, 1316 (N.D. Cal. 1997); *Multimedia Patent Trust v. Microsoft Corp.*, 525 F.Supp.2d 1200, 1217 (S.D. Cal. 2007).

Moreover, Plaintiffs cannot evade this requirement by arguing that their UCL, CLRA and unjust enrichment causes of action do not sound in fraud – in fact, they implicitly acknowledge in

their Opposition that all claims are fraud-based. (*See, e.g.,* Opp'n at 4:27-28, 5:10-18, 6:19-7:1.) All of their claims are based on allegations that Defendants misrepresented, omitted or falsely advertised the risks associated with the fireplaces. (*See, e.g.,* Compl. ¶¶ 1, 14-16 21-23, 29-30.) Therefore, their Complaint must satisfy the particularity requirements of Rule 9(b). *See Stickrath*, 527 F. Supp. 2d at 997.

### 2.  *Plaintiffs Have Not Plead the Alleged Misrepresentations and False Advertising with Particularity*

Plaintiffs argue that their Complaint meets the heightened pleading standards of Rule 9(b) because their pleading alleges that Defendant failed to disclose and/or warn that the fireplaces at issue in this litigation become hot during operation. (Opp'n at 4:27-7:1.) However, Plaintiffs conveniently overlook the fact that their claims are not only premised on a failure to disclose and/or warn, but *also* on *affirmative misrepresentations* of fact and *false advertising*.[1] (*See, e.g.,* Complaint ¶ 1, 14-16 (alleging that Defendants made affirmative misrepresentations); *id.* ¶ 21-22 (alleging that Defendants issued false advertising). Plaintiffs do not bother to address these aspects of their claims in their Opposition, or point to specific facts in their Complaint that support these theories. (*See* Opp'n at 3:4:27-7:1.) Instead, Plaintiffs simply assert in a cursory and conclusory manner that their "Complaint sufficiently pleads . . . failure to disclose material facts **and other unlawful conduct** . . . ." (*Id.* at 3:10-11 (emphasis added).)

Plaintiffs have not plead this "other unlawful conduct" -- the alleged misrepresentations and false advertising -- with sufficient particularity. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (to plead fraud with particularity, a plaintiff must provide the particular facts going to the circumstances of the fraud, including the time, place, persons, statements made and an explanation of how or why such statements are false or misleading); *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 997 (N.D. Cal. 2007) (same). Plaintiffs failed

---

[1] In their moving papers, Defendants did not assert that Plaintiffs had failed to sufficiently plead a failure to disclose, but rather that Plaintiffs had not sufficiently pled the misrepresentations and false advertising supposedly underlying their claims. (*See* Mot. at 8:10-12 (arguing that "the broad and conclusory allegations of misrepresentations and false advertising fall short of including the requisite supporting detail"); *see also id.* at 7:22-8:9.) Instead of addressing this argument, Plaintiffs chose to focus on their failure to disclose allegations, likely cognizant of the fact that their Complaint fails to provide the requisite detail to support their misrepresentation and false advertising theories.

to describe the alleged misrepresentations with any detail and omitted information regarding the specific statements that were made, the time the statements were made, the place that the statements were made, and the persons who made them. (*See, e.g.,* Compl. ¶ 1, 14-15.) Plaintiffs also failed to give any detail regarding, among other things, the allegedly false advertising, such as what advertising they believe fits this description, the timeframe during which this advertising was distributed, the form or location of the advertising. (*See id.* ¶ 21-22.) In fact, Plaintiffs have not and cannot point to a single advertisement that allegedly induced them to purchase their homes. (*See id.*)

Simply put, the broad and conclusory allegations of misrepresentations and false advertising do not include the necessary detail, leaving Defendants to only guess what conduct Plaintiffs believe support these theories. *See Stickrath*, 527 F. Supp. 2d at 997 (explaining that fraud allegations "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged"). Accordingly, all of the claims in the Complaint should be dismissed for failing to plead the misrepresentation and false advertising theories with particularity.

### B.   Plaintiffs Have Not Satisfied the Pre-Litigation CLRA Notice Requirements

Not surprisingly, Plaintiffs acknowledge that they did not send a CLRA pre-litigation notice to Defendants before filing their federal class action lawsuit for damages, as required by Civil Code section 1782. (*See* Opp'n at 7:7-10; Wolden Decl. Ex. A.) Plaintiffs nevertheless claim that they complied with the CLRA pre-litigation notice requirements because litigants in a related state court class action, Jerry Fields and Anissa Nelson-Fields ("Fields"), provided such notice to Defendants more than twenty months ago, before filing their separate action. (*See id.*)

In that Notice, the Fields purported to "write on behalf of . . . California consumers" who had purchased a home outfitted with a "Superior brand sealed single pane glass front gas fireplace." (Wolden Decl. Ex. A.) In this action, however, Plaintiffs purport to represent a class of "United States consumers" who have purchased a home outfitted with *either* a Superior *or* Lennox brand sealed single pane glass front gas fireplace. (Compl. ¶ 2-3, 7-8.) Consequently, this action includes class members from forty-nine additional states and involves numerous

additional products not discussed in the *Fields* pre-litigation notice.[2]

Cognizant that the *Fields* notice was sent in the context of a separate state court action, and concerned different plaintiffs as well as additional class members and products, Plaintiffs argue that they did not need to strictly comply with the CLRA pre-litigation notice requirements. (*See* Opp'n at 9:2 (stating "[t]he form of the notice need not strictly comply with the statute").) However, every court to address this issue has rejected such an argument, finding that the notice requirements must be strictly construed and literally applied. *See Outboard Marine Corp. v. Superior Court*, 52 Cal.App.3d 30, 40-41 (1975) (rejecting argument that "substantial compliance with notification procedures should suffice" and "that a technicality of form should not be a bar to the action"); *Von Grabe v. Sprint*, 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003); *Laster v. T-Mobile USA, Inc.*, 407 F.Supp.2d 1181, 1196 (S.D. Cal. 2005); *Cattie v. Wal-Mart Stores Inc.*, 504 F. Supp. 2d 939, 950 (S.D. Cal. 2007).

Plaintiffs argue that *Kagan v. Gilbralter*, 35 Cal.3d 582 (1984), holds to the contrary. (Opp'n at 9:13-19.) But actually, there is nothing in that decision which relaxes the pre-litigation notice requirements in the CLRA at all. *See generally Kagan*, 35 Cal.3d 582. In that action, the defendant argued that the plaintiff could not maintain a CLRA class action (1) because the defendant had already provided the plaintiff and her husband with the individual relief requested in their pre-litigation notice, *id.* at 590, and (2) because the pre-litigation notice did not "explicitly" seek class-wide relief, *id.* at 594. On the first issue, the court found that the defendant could not avert a class action by "picking off" prospective plaintiffs one-by-one through the provision of individual remedies. *Id.* at 593. On the second issue, the court found that, although the pre-litigation notice did not "explicitly" request class-wide relief, the notice "cannot be said to have been merely an individual complaint, but notice of an alleged course of conduct that was causing damage to many similarly situated consumers."[3] *Id.* at 595.

---

[2] Discovery conducted by the parties to date shows that almost seven hundred additional fireplaces are at issue in this action that were not addressed in the *Fields* pre-litigation notice and are not at issue in the *Fields* class action.

[3] The notice stated, among other things, that "I believe Gibraltar could be guilty of a major consumer fraud if it attempts to retroactively impose trustee fees," that imposition of trustee fees "conflicts with both written and oral representations which were made to myself, my wife and other IRA depositors," and that the alleged misrepresentations about the fees were presumably "conveyed to anyone else who may have noticed the provision."

965085.1 5
REPLY IN SUPPORT OF MOTION TO DISMISS

1  Accordingly, the court found that the plaintiff could maintain a CLRA consumer class action on
2  the specific facts of that case. *See id.*

3  Unlike *Kagan*, Plaintiffs did not fail to "explicitly" request class-wide relief in their pre-
4  litigation notice -- *they failed to provide any notice to Defendants whatsoever.* Moreover,
5  Plaintiffs should not be allowed to piggy-back on the notice the Fields plaintiffs provided before
6  filing their separate state court class action, especially since this action involves numerous
7  additional class members and products. *Cf. Outboard Marine*, 52 Cal.App.3d at 40-41 (rejecting
8  argument that plaintiffs had complied with pre-litigation notice requirements because defendants
9  had actual notice of defective products by virtue of a separate but related state court action).
10 Indeed, if Plaintiffs were allowed to rely on the *Fields* notice, then as soon as any litigant
11 provided notice of an alleged defect in one product, then every litigant thereafter could rely on
12 that notice when filing separate actions regarding different products. Allowing these successive
13 actions, involving different plaintiffs, class memebers and products, based solely on one prior
14 notice in a separate action, would completely eviscerate the purpose and intent of the CLRA
15 notice requirement: to give the manufacturer notice of the allegedly defective products, to provide
16 and facilitate pre-litigation settlements wherever possible, and to establish a limited period during
17 which such settlement may be accomplished. *See Outboard Marine*, 52 Cal.App.3d at 40-41.

18 In short, Plaintiffs never provided Defendants with pre-litigation notice before filing this
19 national class-action lawsuit. Instead, they chose to charge ahead with the filing of their
20 Complaint for damages in contravention of the clear purpose and intent of the CLRA. This court
21 should dismiss their CLRA damages claim.

22 Plaintiffs argue that their damages claim should not be dismissed with prejudice because
23 of their supposed "good faith effort to comply with the law." (Opp'n at 10:9-11.) However, both
24 state and federal courts have refused to draw any "distinction between inadvertence or willful
25 disregard of the notice requirements" when deciding whether to dismiss premature CLRA
26 damages claims. *Laster*, 407 F.Supp.2d at 1196 (citing *Outboard Marine*, 52 Cal.App.3d at 40-

---

28  *Id.* at 588-89. The notice also demanded that the defendant "rectify" these violations and "cease its misleading and false advertising practices." *Id.*

41; *Von Grabe*, 312 F. Supp. 2d at 1304). Accordingly, this court should dismiss their request for damages under the CLRA without leave to amend because Plaintiffs cannot in good faith allege different or additional facts to cure the deficiencies in their Complaint. *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) (the court may dismiss the complaint without leave to amend if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

### C. Plaintiffs Failed To Allege Sufficient Facts to Support Their CLRA Claim Because Defendants Have Not Engaged in a "Transaction"

The CLRA authorizes suit only when the defendant has engaged in unfair competition and/or unfair or deceptive acts as part of a "transaction" with a consumer who purchased goods for personal, family, or household purposes. *See* Cal. Civ. Code §§ 1761, 1770, 1780. In their moving papers, Defendants noted that Plaintiffs had failed to allege (and could not allege) that Defendants engaged in such a "transaction." (Mot. at 12:9-14:16.) In response, Plaintiffs erroneously claim that Defendants "argued and lost this point twice" before the state court in the *Fields* class action, and in support of this contention, attach copies of the tentative rulings supposedly denying Defendants "relief on the same grounds." (Opp'n at 10:17-15.)

Perhaps Plaintiffs did not read the moving papers carefully enough, because Defendants raised a *different* argument before the state court. In the *Fields* action, Defendants argued that the plaintiffs could not maintain a CLRA claim because they had not purchased fireplaces <u>directly</u> from Defendants. (Request for Judicial Notice, Ex. A ("Plaintiffs have failed to state facts sufficient to constitute a cause of action….Specifically, Plaintiffs have not and cannot allege that they purchased or leased the goods at issue, glass-front fireplaces, directly from Defendants.")) In this federal action, however, Defendants have not asserted that Plaintiffs must have purchased their fireplaces <u>directly</u> from Defendants. Rather, Defendants have argued that they must have engaged in a "transaction" with a "consumer" -- whether that consumer is the Plaintiffs *or a third party* -- to be found liable under the CLRA. (Not. of Mot. at 1:16-18; P&A's at 13:8-23.) Plaintiffs never address this argument in their Opposition. Instead, they simply cut and paste (verbatim) the briefing in the *Fields* class action, which addressed a different issue.

///

Plaintiffs cite a state and federal case for the proposition that the CLRA does not require "a direct transaction between the consumer and the defendant." (*See* Opp'n at 12:8-23.) Again, none of the decisions Plaintiffs cite directly address the issue Defendants raised in their Motion to Dismiss: whether Plaintiffs can maintain a CLRA cause of action even though they have not and cannot allege that Defendants engaged in a "transaction" with a "consumer." Furthermore, the offhand statements Plaintiffs quote and cite in these cases constitute textbook *dicta*, as the discussions therein were not necessary to the holdings of the cases. *See Childers v. Childers*, 74 Cal.App.2d 56, 61 (1946) ("[A] decision is not authority for what is said in the opinion but only for the points actually involved and actually decided.").

For example, in *Hogya v. Superior Court*, 75 Cal.App.3d 122 (1977), the court summarily concluded that the plaintiffs could bring a claim under the CLRA against a defendant who distributed beef to the ultimate seller of the product. *Id.* at 125-126. However, the court never addressed whether the defendant had actually engaged in a transaction with a consumer. *See id.* The court also never provided any rationale for its conclusion, most likely because the motion under review involved class certification, which involved an inquiry into whether the class members could be ascertained, the predominance of common issues of law and fact, and the typicality and adequacy of the class representative -- not whether plaintiffs had alleged sufficient facts to maintain a CLRA cause of action against the defendant. *See id.*

Likewise, in the more recent *Chamberlain v. Ford Motor Co.*, 369 F.Supp.2d 1138, 1144 (N.D. Cal. 2005), the court made the summary statement that the "Defendant has also shown no grounds for the Court to reconsider the conclusions *in its previous order*, namely that . . . Plaintiffs who purchased used cars have standing to bring CLRA claims, despite the fact that they never have entered into a transaction directly with Defendant." *Id.* at 1145 (emphasis added). The court provided absolutely no basis for declining reconsideration of its prior order, nor did the court provide any insight into why it previously found standing appropriate. In addition, the court did not address the possibility that the defendant had engaged in a transaction with consumers other than the plaintiffs. In fact, since *Chamberlain* involved the sale of used motor vehicles, the defendants had likely engaged in transactions with consumers when the vehicles were first sold.

Thus, the court may have found standing appropriate since the defendant had engaged in a transaction with a consumer, even though those consumers were not the named plaintiffs. Unlike *Chamberlain*, Defendants have never engaged in a transaction with any consumer for the purchase of a fireplace, including, *but not limited to*, a transaction with Plaintiffs.

In short, the cursory statements in the cases Plaintiffs cite are all *dicta* and fail to support the contention that a CLRA cause of action may be asserted even though Defendants never entered into an "transaction" with a "consumer." Indeed, all of the cases Plaintiffs rely on fail to address the application of the "transaction" language in the CLRA and fail to discuss whether the defendant actually entered into any "transactions." Furthermore, even if, assuming *arguendo*, the court were inclined to read the cases in the manner suggested by Plaintiffs, the court would still have to reject the dicta in those cases, as that dicta directly conflicts with the plain and unambiguous language of the CLRA requiring that the defendant be a "person" who entered into a "transaction" with a "consumer."

Plaintiffs have not alleged any facts in their Complaint demonstrating that Defendants engaged in a "transaction" with a "consumer." Moreover, because Defendants do not sell their fireplaces to "individuals" who purchase the units for their own "personal, family, or household purposes," Plaintiffs cannot in good faith allege additional facts to cure the deficiencies in their Complaint. The court should therefore dismiss their CLRA claim without leave to amend. *See Conley,* 355 U.S. at 45-46 (the court may dismiss the complaint without leave to amend if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

### D. The Claims Asserted by Class Members Who Own Homes In Which Fireplaces Were Installed Over Three to Four Years Ago Are Barred by the Statute of Limitations

The CLRA and unjust enrichment claims asserted by those putative class members who own homes in which fireplaces were installed more than three years ago, and the UCL claims asserted by class members who own homes in which fireplaces were installed more than four years ago, are time-barred by the statute of limitations. *See generally* Cal. Civ. Code § 1783 (CLRA three-year statute of limitation); *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1670 (1992) (unjust enrichment claims subject to three-year statute of limitation); Cal. Bus.

& Prof. Code § 17208 (UCL four-year statute of limitation). Plaintiffs cannot avoid this result through application of the delayed discovery rule or the doctrine of fraudulent concealment because these doctrines have not and cannot be adequately alleged in the Complaint.[4]

### 1. The Delayed Discovery Rule Does Not Apply to the UCL Claim

Plaintiffs rely on *Massachusetts Mutual v. Superior Court*, 97 Cal.App.4th 1282 (2002) for the proposition that the delayed discovery rule applies to UCL claims. (Opp'n at 13:16-24.) However, that opinion focuses on class-certification issues, not the UCL statute of limitations or the delayed discovery rule. *See Massachusetts Mutual* 97 Cal.App.4th 1282. Although as part of its class-certification analysis the court opined that the discovery rule could potentially apply to UCL claims, the court did not purport to finally resolve that issue at the certification stage. *See id.* at 1295 (opining that the discovery rule "probably applies"). Therefore the off-hand statements in that decision regarding the UCL and the discovery rule are pure dictum. *See Childers*, 74 Cal.App.2d at 61 ("[A] decision is not authority for what is said in the opinion but only for the points actually involved and actually decided.").

Significantly, no state or federal case has followed the dictum in *Massachusetts Mutual*. On the contrary, all of the courts to specifically address the issue, including the Ninth Circuit, have held that the discovery rule does not apply to UCL claims. *See, e.g., Snapp & Assoc. Ins. Servs., Inc. v. Robertson*, 96 Cal. App. 4th 884, 891 (2002); *Karl Storz Endoscopy Am., Inc. v. Surgical Techs. Inc.*, 285 F.3d 848, 857 (9th Cir. 2002); *Mujica v. Occidental Petroleum Corp.*, 381 F.Supp.2d 1164, 1184 n.17 (C.D. Cal. 2005); *McCready v. American Honda Motor Co., Inc.*, 2006 WL 1708303, * 4 (N.D. Cal. 2006); *Endres v. Wells Fargo Bank*, 2008 WL 344204, *6 (N.D. Cal. 2008); *Sakai v. Merrill Lynch Life Ins. Co.*, 2008 U.S. Dist. LEXIS 69420 (N.D. Cal. 2008); *In re Conseco Ins. Co. Annuity Mktg. and Sales Practice Litig.*, 2007 U.S. Dist. LEXIS 12786 (N.D. Cal. 2007); *Rambus Inc. v. Samsung Elecs. Co.*, 2007 U.S. Dist. LEXIS 3088 (N.D. Cal. 2007). Following this well-established and binding precedent, this court should similarly

---

[4] In their Motion, Defendants argued that under the circumstances of this case the delayed discovery rule did not apply to Plaintiffs' UCL, CLRA and unjust enrichment claims. In their Opposition, Plaintiffs did not contest the inapplicability of the delayed discovery rule to CLRA and unjust enrichment claims, only to the UCL claim. For that reason, Defendants have not repeated the analysis in this Reply brief as to why Plaintiffs have not and cannot adequately allege facts giving rise to application of the discovery rule to their CLRA and unjust enrichment claims.

1  hold that the discovery rule does not aid those putative class members with untimely UCL claims.

2        **2.     *Plaintiffs Have Not and Cannot Allege Sufficient Facts for the Fraudulent Concealment Doctrine to Toll the Statute of Limitations***

Plaintiffs contend that even if the discovery rule does not save their untimely UCL, CLRA and unjust enrichment claims, that their claims are not time-barred under the doctrine of fraudulent concealment. (*See* Opp'n at 13:21-24.) Significantly, Plaintiffs have not explained in their Complaint how Defendants supposedly "concealed" that the glass doors to the fireplaces become hot during operation. Nor can they.

Common sense tells us that fires are hot. Fireplaces generate heat. The fact that the glass panes of the fireplaces are only inches away from the flames should put any reasonable person on notice that the doors will become hot during operation. Furthermore, even if the class members somehow did not understand that the glass-fronts become hot, they could have easily discovered this information by simply turning on their fireplaces. Given the obvious nature of the alleged defect, and the fact that Plaintiffs necessarily had the means to discover this defect, Plaintiffs cannot allege sufficient facts supporting a fraudulent concealment theory, let alone allege those facts with the requisite particularity. *See Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120 (9th Cir. 1980) (listing the elements of the fraudulent concealment doctrine and holding that these elements must be plead with particularity).

To properly plead fraudulent concealment, Plaintiffs had to describe when the alleged fraud was discovered. *See id.* In other words, when they first learned that the fireplace doors became hot during operation. Plaintiffs included no such allegations in their Complaint.

Additionally, Plaintiffs had to describe the circumstances under which the fraud was discovered, in other words, how they learned that fireplaces become hot. *See id.* Again, Plaintiffs included no such allegations in their Complaint.

Plaintiffs also had to explain why they were not at fault for not discovering that the fireplace doors became hot during operation, why they had no actual or presumptive knowledge of facts sufficient to put them on inquiry notice, and why in the exercise of reasonable diligence they could not have discovered these facts at an earlier date. *See id.* Yet again, Plaintiffs

included no such allegations in their Complaint.

Finally, Plaintiffs were required to allege facts showing that Defendants took affirmative actions to conceal from Plaintiffs the fact that the fireplace doors become hot during operation. *See id.* No such allegations appear in the Complaint.

In short, Plaintiffs have not plead any of the elements of fraudulent concealment, let alone plead those elements with the necessary particularity. And, more to the point, how could they? How can Plaintiffs possibly allege that Defendants actively concealed from Plaintiffs, for up to decade, that the that the glass doors to the fireplace become hot during operation, when Plaintiffs would have discovered this fact simply by turning the fireplaces on? *See Snapp,* 96 Cal.App.4th at 890 (explaining that the fraudulent concealment doctrine "does not come into play…if a plaintiff…[has] notice of a potential claim" and explaining that the plaintiff must exercise "due diligence in trying to uncover the facts"). Would Plaintiffs allege that Defendants came to their homes and prevented them from operating their fireplaces? Certainly not.

Accordingly, this court should not only dismiss the untimely UCL, CLRA and unjust enrichment claims due to the failure to plead fraudulent concealment doctrine with the requisite particularity, but dismiss those claims with prejudice because Plaintiffs can allege no facts that would bring the untimely claims within the statute of limitations. *See generally Conley,* 355 U.S. at 45 (the court may dismiss the complaint without leave to amend if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

E.     **Plaintiffs Cannot Maintain a Claim for Unjust Enrichment**

Relying on *Falk v. General Motors Corporation*, 496 F.Supp.2d 1088 (N.D. Cal. 2007), Plaintiffs argue that this court should not dismiss their improper unjust enrichment claim due to "uncertainly in the law in the state of California regarding the existence for [sic] a cause of action for unjust enrichment." (Opp'n at 14:7-14.) Of course, Plaintiffs do not bother to address the overwhelming number of authorities that have unequivocally refused to recognize an independent cause of action for unjust enrichment. *See, e.g., Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 794 (2003) (stating "there is no cause of action in California for unjust enrichment"); *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1490 (2006) (same);

*Walker v. GEICO General Ins. Co.*, 2007 WL 499660, *4 (E.D. Cal. 2007) (same). Instead, Plaintiffs focus their analysis on the *Falk* decision, which observed that some California courts have apparently recognized such a claim when the plaintiff seeks restitution and other remedies are inadequate. *See* 496 F.Supp.2d at 1099.

Not surprisingly, Plaintiffs conveniently ignore the fact that the *Falk* court ultimately refused to recognize a claim for unjust enrichment and dismissed that cause of action, finding that Plaintiffs had adequate remedies under the CLRA and the UCL, thereby making the unjust enrichment claim redundant. *See id.* at 1099-1100. Like *Falk*, Plaintiffs also have adequate remedies available to them, as they too have asserted UCL and CLRA claims under which they seek to recover restitution and damages, respectively. (*See generally* Compl. ¶¶ 27, 37.)

Plaintiffs appear to contend that their UCL and CLRA claims may not provide them with adequate relief because these claims are "still under attack regarding such issues as the statute of limitations…." (Opp'n at 14:12-15.) Plaintiffs overlook the fact that their unjust enrichment and CLRA claims are subject to the *exact same* four-year statute of limitation. *See generally* Cal. Civ. Code § 1783 (CLRA claims subject to three-year statute of limitation); *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1670 (1992) (unjust enrichment claims subject to three-year statute of limitation). Consequently, their unjust enrichment claim cannot provide any additional class members any additional or greater relief than their other claims.

In sum, this court should follow the lead of the numerous California authorities that have unequivocally refused to recognize an unjust enrichment claim as a separate cause of action, or at the very least, follow the lead of the *Falk* court, which refused to recognize such a claim under almost identical circumstances. Accordingly, this court should dismiss Plaintiffs' unjust enrichment claim without leave to amend. *See Walker*, 2007 WL 499660, *4 (dismissing an unjust enrichment claim without leave to amend; reasoning that because "California law does not recognize [a] claim for unjust enrichment, there are no facts Plaintiff could prove to support this claim" and that therefore "the deficiencies of the complaint cannot be cured").

/ / /

/ / /

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this court grant their Motion to Dismiss.

DATED: November 26, 2008          DOWNEY BRAND LLP

By: /s/ William R. Warne
WILLIAM R. WARNE
Attorney for Defendants
LENNOX HEARTH PRODUCTS INC.;
LENNOX INTERNATIONAL INC.