IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIRK KEILHOLTZ and KOLLEEN KEILHOLTZ for themselves and on behalf of those similarly situated,

    Plaintiffs,

  v.

SUPERIOR FIREPLACE COMPANY, LENNOX HEARTH PRODUCTS, INC., LENNOX INTERNATIONAL, INC., and DOES 1 through 25, inclusive,

    Defendants.
                                    /

No. C 08-00836 SI

**ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS**

On December 12, 2008, the Court heard oral argument on defendants' motion for sanctions. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court rules as follows.

**BACKGROUND**

This case involves claims on behalf of a putative national class of consumers who own homes installed with gas fireplaces that have glass fronts and are allegedly designed, manufactured, distributed and sold by defendants. On February 6, 2008, Kirk Wolden, an attorney with the law firm Clayeo C. Arnold, P.L.C., ("the Arnold law firm") filed two complaints in the Northern District of California. The named plaintiffs in one complaint (Case No. 08-834) were Rich and Donna Perry; the other complaint (Case No. 08-836) named Kirk and Kolleen Keilholtz as plaintiffs. *See* Decl. of William R. Warne in Supp. of Defs. Mot. for Sanctions ("Warne Decl."), at exs. C, E. The two sets of plaintiffs live on the same street, about a tenth of a mile away from each other, in Oakley, California. *See id.* at ex. N. Other

than the identity of the named plaintiffs, the complaints are identical. *See id.*, at exs. C, E. The Arnold law firm did not file a Notice of Related Case. No summonses were issued at the time of filing, nor was either case served at that point.

The *Perry* case was assigned to Magistrate Judge James and the *Keilholtz* case was assigned Magistrate Judge Chen. *See id.* exs. K, L. The *Perry* plaintiffs consented to proceed before Judge James on March 3, 2008. *See id.* ex. K. On April 22, 2008, plaintiffs in the *Keilholtz* case declined to proceed before Judge Chen and the case was reassigned to this Court on April 28. *See id.*, ex. L. On May 2, 2008, summonses issued for the *Keilholtz* case. On May 5, 2008, Rich and Donna Perry voluntarily dismissed the *Perry* case. *See id.*, ex. K.

Defendants are represented by the law firm Downey Brand, L.L.P. On February 14, 2008, Mr. Wolden advised Downey Brand by letter of the *Perry* lawsuit. *See id.* ex. I. The letter made no mention of the *Keilholtz* case. *See id.* On May 2, 2008, Mr. Wolden informed Downey Brand that it had filed the *Keilholtz* complaint three months earlier. *See id.* at ex. G. William Warne, a lawyer at Downey Brand, states that the May 2 letter was the first notice defendants or their counsel received of the *Keilholtz* case. *See id.* ¶ 16.

**LEGAL STANDARD**

"[A] district court has the inherent power sua sponte to dismiss an action for judge-shopping." *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998). "[A] 'primary aspect' of every federal court's inherent power is 'the ability to fashion an appropriate sanction' for conduct which abuses the judicial process. Judge-shopping clearly constitutes conduct which abuses the judicial process." *Id.* at 398-99 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). A district court must consider five factors before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* at 399 (citing *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992)).

**DISCUSSION**

The Court finds that there can be no rational explanation for the actions of plaintiffs' counsel other than that they filed two essentially identical actions with the intention of proceeding with only one. Mr. Wolden filed substantially identical complaints against the same defendants on the same day in the same court. He then waited until the *Keilholtz* case was assigned to this Court and dismissed the *Perry* case seven days later. Mr. Wolden concealed his activities from the Court by failing to comply with his duty under Local Rule No. 3-12(b)-(c) to file a Notice of Related Case. He concealed his activities from defendants by waiting until May 2, three months after the complaint was filed, to inform defense counsel about the *Keilholtz* case.

Plaintiffs' counsel offer only a tepid explanation in their briefs, which they repeated at oral argument. Counsel claim that "at the time of the filings consideration was still being given to issues relating regarding [sic] the selection of the most adequate class representative." *See* Pl. Opp. to Defs. Mot. for Sanctions, at 3. Counsel assert that they cannot inform the Court what those considerations might have been, however, or why all plaintiffs could not have been included in one complaint, because the "attorney client privilege and work product protection" prevent them from doing so. *See id.*

This Court does not accept as true the claim that counsel's deliberations over the adequacy of class representatives caused Mr. Wolden to file two identical complaints on the same day, in the same court; the Arnold law firm to neglect to file a notice of related case or to inform defendants about the second case until three months after it was filed; and the *Perry* plaintiffs to dismiss their case days after the *Keilholtz* case was assigned to this Court. (Even if this explanation were credible, it hardly helps counsel as it does not explain why they named plaintiffs as class representatives without first evaluating the adequacy of those plaintiffs to represent their class.) The Court finds that plaintiffs' counsel have engaged in judge shopping, a practice that abuses the integrity of the judicial system by impairing public confidence in the impartiality of judges.

Defendants argue that an appropriate sanction for the acts of plaintiffs' counsel is to reassign this case through the Northern District's random assignment process. This Court agrees. The Court has not yet made any substantive rulings in this case and neither side contends that they would be prejudiced if the case were reassigned through the proper mechanism. Reassignment will allow this Court to

3

correct counsel's attempt to manipulate the random assignment process.

Defendants also seek monetary sanctions for attorneys' fees incurred preparing this motion. The Court agrees that it is appropriate for plaintiffs' counsel to be sanctioned with these fees as this motion would be wholly unnecessary but for counsel's improper conduct. Defense counsel have submitted declarations establishing that defendants were billed $4866.50 for the preparation of this motion. *See* Warne Decl.; Decl. of Meghan M. Baker in Supp. of Defs. Mot. for Sanctions, ¶ 13, Decl. of Michael J. Thomas in Supp. of Defs. Mot. for Sanctions, ¶ 12. Defense counsel have also requested fees for work related to the *Perry* case. The Court finds that the latter fees are not warranted because the *Perry* case is essentially identical to this case. Defense counsel's work on the *Perry* case should therefore be applicable to this action.

**Accordingly, the Court orders this case reassigned through the Northern District's random assignment process and orders plaintiffs' counsel to pay defendants $4866.50 in attorneys' fees within three weeks of the date of this order.**

**IT IS SO ORDERED.**

Dated: 12/29/08

SUSAN ILLSTON
United States District Judge

4