IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK KEILHOLTZ and KOLLEEN KEILHOLTZ for themselves and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>   v.<br><br>SUPERIOR FIREPLACE COMPANY; LENNOX HEARTH PRODUCTS INC.; LENNOX INTERNATIONAL INC. and DOES 1 through 25, Inclusive,<br><br>Defendants.<br>_____/ | No. C 08-00836 CW<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS |

Plaintiffs' claims arise under the Unfair Competition Law (UCL), California Business & Professions Code § 17200; the Consumer Legal Remedies Act (CLRA), California Civil Code § 1750; and the doctrine of unjust enrichment. Defendants move, under Federal Rule of Civil Procedure 12(b)(6), to dismiss all claims or, in the alternative, to dismiss all claims barred by the statute of limitations. Plaintiffs oppose the motion. Having considered all of the papers filed by the parties, the Court GRANTS in part Defendants' motion to dismiss and DENIES it in part.

BACKGROUND

On February 6, 2008, Plaintiffs filed this putative class action on behalf of themselves and all similarly situated persons who are the owners of homes in which Defendants' gas fireplaces are installed. According to Plaintiffs' complaint, Defendants distributed and sold the gas fireplaces.

Plaintiffs allege that Defendants sold the fireplaces with the specific intention of having builders install them in homes throughout the United States. Compl. at 14. By selling the fireplaces, Defendants represented to consumers that they were "safe, of mercantile quality, and fit for their intended and reasonably foreseeable uses, and with sufficient protections and warnings regarding potential dangers and hazards which reasonable consumers would expect and assume to be provided in order to make a decision whether to purchase the fireplace or a home installed with the fireplace." Compl. at 14.

Plaintiffs further allege that Defendants failed to disclose or concealed the fact that the fireplaces are dangerous and unsafe given that the unguarded single pane glass-sealed front may reach temperatures in excess of 350 degrees Fahrenheit, which may cause third degree burns to skin contacting the glass. Compl. at 15. Lastly, Plaintiffs allege that because of Defendants' conduct and omissions in the last ten years, members of the putative class came to own residential homes in which the fireplaces were installed. Compl. at 16.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the

2

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007).

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged

3

pleading.  Id. at 296-97.

DISCUSSION

I.  CLRA Notice Requirements

Defendants argue that Plaintiffs have not satisfied the CLRA pre-litigation notice requirements.  Plaintiffs do not dispute that they failed to provide Defendants with written notice of the claims they bring on behalf of themselves and a purported nation-wide class.  Rather, Plaintiffs contend that their attorneys' compliance with the notice requirements in a previous state-wide class action, Fields v. Superior Fireplace Co., et al., filed in California superior court on March 1, 2007, is sufficient for notice in this case because it included the same alleged violations of the CLRA and demanded that the same Defendants either remove and replace the fireplaces or adequately retrofit them.  Dec. of Kirk J. Wolden, Exhibit A.

Under the CLRA, thirty days or more prior to the commencement of "an action for damages," the consumer shall notify the defendant of the particular alleged violations of § 1770, and demand that the defendant correct, repair, replace, or otherwise rectify the goods or services alleged to violate § 1770.  Cal. Civ. Code § 1782(a)(1).  The notice must be in writing and must be sent by certified or registered mail, return receipt requested.  Cal. Civ. Code § 1782(a)(2).

The CLRA's notice requirement is not jurisdictional, but compliance with the requirement is necessary to state a claim. Outboard Marine Corp. v. Superior Court, 52 Cal. App. 3d 30, 40-41 (1975).  "[T]he clear intent of the [CLRA] is to provide and

4

1 facilitate pre-complaint settlements of consumer actions wherever
2 possible and to establish a limited period during which such
3 settlement may be accomplished." Id. at 41; Laster v. T-Mobile
4 USA, Inc., 407 F. Supp. 2d 1181, 1195-96 (S.D. Cal. 2005)
5 (describing statutory policy of fostering early settlement of
6 disputes). A "literal application of the notice provisions" is the
7 only way to accomplish the CLRA's purposes. Outboard Marine, 52
8 Cal. App. 3d at 41.

9     Plaintiffs do not explain how notice of the Fields litigation
10 would have facilitated pre-complaint settlement in this case.
11 Without notice that they were being sued by a nation-wide class of
12 consumers, with Kirk and Kolleen Keilholtz as the class
13 representatives, Defendants could not have settled with them before
14 the complaint was filed. Therefore, Plaintiffs' failure to give
15 Defendants notice of this particular lawsuit did not facilitate
16 pre-complaint settlement, which is contrary to the spirit and
17 purpose of the CLRA notice requirements. Compliance with the
18 notice requirements in Fields, therefore, is not sufficient for
19 notice of this case. Because Defendants were not on notice of the
20 current lawsuit, Plaintiffs' demand for damages is premature.

21     However, an action for "injunctive relief" brought under
22 § 1770 may be commenced without compliance with the notice
23 requirements. Cal. Civ. Code § 1782(d). If a complaint seeks only
24 injunctive relief, not less than thirty days after it has been
25 filed and, after compliance with the thirty day notice requirement
26 under § 1782(a), the consumer may amend the complaint without leave
27 of the court to include a request for damages. Cal. Civ. Code

28

§ 1782(d).

Courts have reached different conclusions as to whether a premature claim for damages under the CLRA requires dismissal with or without prejudice. In <u>Deitz v. Comcast Corp.</u>, 2006 WL 3782902, *5 (N.D. Cal.), the plaintiff failed to provide notice of a CLRA claim that sought injunctive relief and damages. The court dismissed the damages claim without prejudice on the ground that the legislature specifically contemplated that an action seeking injunctive relief could be amended to include a damages claim after the thirty-day notice period had run. <u>Id.</u> at *6. On the other hand, in <u>Laster</u>, 407 F. Supp. 2d at 1195-96, the court dismissed a CLRA damages claim with prejudice for failing to comply with notice requirements, citing <u>Outboard Marine</u>, 52 Cal. App. 3d at 40-41, which held that strict application of the notice requirement was necessary to achieve the goal of pre-litigation settlement. In <u>Cattie v. Wal-Mart Stores, Inc.</u>, 504 F. Supp. 2d 939, 950 (S.D. Cal. 2007), the court relied on <u>Outboard Marine</u> and <u>Laster</u> to dismiss a premature damages claim with prejudice.

The Court is persuaded by the reasoning in <u>Deitz</u>. Accordingly, Plaintiffs' CLRA claim for damages is dismissed without prejudice. Plaintiffs may proceed with their claim for injunctive relief, and may move for leave to amend their complaint to include a request for damages once they are able to show compliance with § 1782(d) and the thirty day notice period.

II. CLRA Transaction Requirement

Defendants argue that Plaintiffs fail to state a CLRA claim because they do not allege that Defendants engaged in a transaction

6

directly with consumers; rather they allege that Defendants sold the fireplaces to homebuilders, who then sold homes containing the fireplaces to individuals.  Plaintiffs respond that a CLRA action does not require direct privity between the consumer and the manufacturer.

The CLRA makes unlawful "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).  The CLRA broadly defines "transaction" as "an agreement between a consumer and any other person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement." Cal. Civ. Code § 1761(e).  The CLRA provides that it should be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.  Cal. Civ. Code § 1760.

Defendants fail to cite any authority to support the proposition that a CLRA claim can be asserted only against defendants who sell goods or services directly to consumers. Plaintiffs' allegations that Defendants sold the fireplaces to home builders, who installed them in homes, resulting in their sale to Plaintiffs, is sufficient to allege that Defendants entered into a transaction which was "intended to result or which result[ed] in

7

the sale" of goods to a consumer.[1]  See Cal. Civ. Code § 1770(a). Because Plaintiffs satisfy the transaction requirement, the Court denies Defendants' motion to dismiss Plaintiffs' CLRA claim on this ground.

III. Unjust Enrichment

Defendants argue that Plaintiffs cannot maintain a claim for unjust enrichment because, under California law, there is no such cause of action. Plaintiffs argue that there is a cause of action for unjust enrichment under California law.

California courts appear to be split on whether there is an independent cause of action for unjust enrichment. Baggett v. Hewlett-Packard Co., 582 F. Supp. 2d 1261, 1270-71 (C.D. Cal. 2007) (applying California law). One view is that unjust enrichment is not a cause of action or a remedy, but a general principle underlying various legal doctrines and remedies. McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004). In McBride, the court construed a "purported" unjust enrichment claim as a cause of action seeking restitution. Id. There are at least two potential bases for a cause of action seeking restitution: (1) in lieu of breach of contract damages when the parties had a contract which was procured by fraud or is unenforceable for some reason; and (2) where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct and the plaintiff chooses not to sue in tort but to seek restitution on a quasi-contract theory. Id. at 388. In the latter case, the law implies a

---

[1] Defendants' request for judicial notice of their demurrer in the Fields case is denied as unnecessary.

contract, or quasi-contract, without regard to the parties' intent, to avoid unjust enrichment. Id.

Another view is that a cause of action for unjust enrichment exists and its elements are receipt of a benefit and unjust retention of the benefit at the expense of another. Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000); First Nationwide Savings v. Perry, 11 Cal. App. 4th 1657, 1662-63 (1992). Plaintiffs' third cause of action alleges that Defendants have been

> unjustly enriched, to the detriment of and at the expense of the class members, as a result of its unlawful and/or wrongful pattern of conduct directed against the class as a whole and its resulting collection of money from the sale of hazardous fireplaces. Defendants have unjustly benefitted through the unlawful and/or wrongful collection of money from the sale of hazardous fireplaces, and continue to so benefit to the detriment and at the expense of class members. Accordingly, Defendants should not be allowed to retain the proceeds from the benefits conferred upon it by the class members, who seek disgorgement of Defendants' unjustly acquired profits and other monetary benefits resulting from its unlawful conduct, in an equitable and efficient fashion to be determined by the Court.

Complaint at ¶¶ 38-41.

Whether Plaintiffs' unjust enrichment cause of action is construed as a claim for restitution as in the McBride case or is considered to be an independent cause of action as in the Lectrodryer and First Nationwide cases, the allegations are sufficient to state a claim under California law. Although this claim may ultimately be superfluous to Plaintiffs' restitution claim under the UCL, it is inappropriate at this early stage in the litigation to determine whether other remedies available to Plaintiffs are adequate. Accordingly, Defendants' motion to dismiss Plaintiffs' third cause of action is DENIED.

9

IV. Federal Rule of Civil Procedure 9(b)

Defendants argue that Plaintiffs' UCL, CLRA and unjust enrichment claims sound in fraud because they allege that Defendants misrepresented, failed to disclose or falsely advertised the risks associated with the fireplaces.  Defendants claim that Plaintiffs have not plead these claims with the requisite particularity under Rule 9(b).  Plaintiffs respond that the pleading standard for fraud is lower under the UCL than under the common law tort of fraud and, in any case, they have plead their UCL, CLRA and unjust enrichment claims with sufficient particularity.

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  The allegations must be "specific enough to give the defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  Statements of the time, place and nature of the alleged fraudulent activities are sufficient provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false."  In re GlenFed, Inc., Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994); Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  Vess v. Ciba-Geiby Corp. USA, 317 F.3d 1097, 1101, 1106 (9th Cir. 2003).  Scienter may be averred generally, simply by saying that it

10

1   existed.  In re GlenFed, Inc., Sec. Litig., 42 F.3d at 1547; Fed.
2   R. Civ. P. 9(b) (malice, intent, knowledge, and other mental states
3   may be averred generally).  As to matters peculiarly within the
4   opposing party's knowledge, pleadings based on information and
5   belief may satisfy Rule 9(b) if they also state the facts on which
6   the belief is founded.  Wool, 818 F.2d at 1439.

7   Fraud can be averred by specifically alleging it as such, or
8   by alleging facts that necessarily constitute fraud even if the
9   word "fraud" is not used.  Id.

10  The UCL prohibits any "unlawful, unfair or fraudulent business
11  act or practice."  Cal. Bus. & Prof. Code § 17200.  The CLRA
12  prohibits "unfair methods of competition and unfair or deceptive
13  acts or practices."  Cal. Civ. Code § 1770.  Fraud is not an
14  essential element either of a CLRA or a UCL claim.  Vess, 317 F.3d
15  at 1104-1105.

16  Plaintiffs' allegation that Defendants' conduct was unfair
17  within the meaning of the UCL does not sound in fraud and must only
18  satisfy the ordinary notice pleading standards.  However,
19  Plaintiffs also allege that Defendants "engaged in fraudulent
20  conduct" under the UCL and the CLRA and in their claim for unjust
21  enrichment.  The essential elements of fraud are encompassed in the
22  allegations that Defendants "falsely represented the risks, dangers
23  and defects and disadvantages," through advertising or failure to
24  disclose; Defendants knew their fireplaces were not safe or usable
25  for their intended purpose and intentionally, recklessly, or
26  negligently concealed, suppressed, omitted and misrepresented this
27  fact; Plaintiffs purchased homes with the fireplaces based on their

**United States District Court**
For the Northern District of California

11

reliance on Defendants' conduct or omissions; and Plaintiffs lost money and suffered monetary damages as a result. Complaint at ¶¶ 14-16, 22-23, 30, 38.

To the extent that Plaintiffs' claims under the CLRA, UCL and unjust enrichment allege fraud, they are not plead with the necessary particularity. Plaintiffs allege that Defendants intended to deceive the nation-wide class through advertising, promoting, marketing, selling and distribution, but fail to plead when Defendants made or failed to make the statements complained of, where Defendants made the statements, and why the statements were false or misleading.

Thus, to the extent Plaintiffs' claims are based on fraud, they are dismissed with leave to amend.

V. Statute of Limitations

The parties agree that a four-year and three-year statute of limitations applies to claims brought under the UCL and CLRA respectively and Plaintiffs do not dispute that the statute of limitations for an unjust enrichment claim is three years. However, the parties dispute whether the time limits should be tolled under the delayed discovery rule or, alternatively, under the principle of fraudulent concealment.

A. Delayed Discovery Rule

Plaintiffs argue that their claims are based on allegations of failure to disclose, and that they are therefore amenable to the delayed discovery rule.

Although generally a cause of action accrues when all of its elements accrue, the delayed discovery rule postpones accrual until

12

the plaintiff discovers, or has reason to discover, the cause of action. Grisham v. Philip Morris U.S.A., Inc., 40 Cal. 4th 623, 741, 742 (2007). A plaintiff has reason to discover a cause of action when he or she "has reason at least to suspect a factual basis for its elements." Id. at 742. "Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 806-807 (2005).

To invoke the delayed discovery rule, the plaintiff must plead facts showing: "(a) Lack of knowledge. (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date). (c) How and when he did actually discover the fraud or mistake." General Bedding Corp. v. Echevarria, 947 F.2d 1395, 1397 (9th Cir. 1991) (applying California law). Under this rule, when the plaintiff has notice or information of circumstances that would put a reasonable person on inquiry notice, or has the opportunity to obtain knowledge from sources open to his or her investigation, the statute commences to run. Id.

The delayed discovery rule is typically employed when the defendant is in a far superior position to know of the act and the injury, and the act and the injury are difficult for the plaintiff to detect. Prudential Home Mortgage Co. v. Superior Court, 66 Cal. App. 4th 1236, 1246-47 (1998); Gryczman v. Pico Partners, Ltd., 107 Cal. App. 4th 1, 5 (2003).

Because the delayed discovery rule does not apply to actions

brought under the UCL, Snapp & Assocs. Ins. Servs., Inc. v. Robertson, 96 Cal. App. 4th 884, 891 (2002); Karl Storz Endoscopy America, Inc. v. Surgical Technologies, Inc., 285 F.3d 848 (9th Cir. 2002), the Court will only consider whether it applies to Plaintiffs' CLRA and unjust enrichment claims.

Plaintiffs allege that other manufacturers design and sell safer fireplaces, and that Defendants' fireplaces are unsafe and may cause third degree burns. However, Plaintiffs have failed to plead facts regarding their lack of knowledge of Defendants' alleged fraud, lack of the means to discover the alleged fraud, exercise of reasonable diligence in investigating the alleged fraud, or when the alleged fraud was actually discovered. Plaintiffs' opposition is also silent in this regard. Thus, Plaintiffs have not alleged sufficient facts to establish that the discovery rule applies.

"A close cousin of the discovery rule is the well accepted principle of fraudulent concealment." Bernson v. Browning-Ferris Indus. of California, Inc., 7 Cal. 4th 926, 931 (1994). "The rule of fraudulent concealment is applicable whenever the defendant intentionally prevents the plaintiff from instituting suit . . ." Id. at 931, n.3. "In order to establish fraudulent concealment, the complaint must show: (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." Baker v. Beech Aircraft Corp., 39 Cal. App. 3d 315, 321 (1974). "In urging lack of means of obtaining knowledge, it must

14

be shown that in the exercise of reasonable diligence the facts could not have been discovered at an earlier date." Id.

Plaintiffs' complaint fails to allege when the fraud was discovered, the circumstances under which it was discovered, and that they were not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put them on inquiry. Plaintiffs therefore fail to allege sufficient facts to invoke tolling based on fraudulent concealment.

Plaintiffs' CLRA claims arising outside of the three-year statute of limitations, UCL claims arising outside of the four-year statute of limitations, and unjust enrichment claims arising outside of the three-year statute of limitations are dismissed without prejudice. The Court grants Plaintiffs leave to amend their complaint.

## CONCLUSION

The Court GRANTS, in part, Defendants' motion to dismiss. Defendants' motion to dismiss Plaintiffs' claim arising under the doctrine of unjust enrichment and Plaintiffs' CLRA claim based on failure to allege that Defendants engaged in a transaction are DENIED. Plaintiffs' CLRA claim for damages is dismissed without prejudice; Plaintiffs may proceed with their claim for injunctive relief, and may move to amend their complaint to include a request for damages once they are able to show compliance with California Civil Code § 1782(d) and the thirty-day notice period. Plaintiffs' claims sounding in fraud and arising outside of the statute of limitations are dismissed with leave to amend. Plaintiffs' CLRA claim for injunctive relief and the UCL and CLRA claims not

15

sounding in fraud may proceed.  If Plaintiffs wish to file an amended complaint, they must do so within forty-five days from the date of this order.  If Plaintiffs do not file an amended complaint within this time period, their remaining claims will proceed.

IT IS SO ORDERED.

Dated: 3/30/09

```
CLAUDIA WILKEN
United States District Judge
```