IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIRK KEILHOLTZ and KOLLEEN KEILHOLTZ
for themselves and on behalf of those
similarly situated,

    Plaintiffs,

  v.

LENNOX HEARTH PRODUCTS INC.; LENNOX
INTERNATIONAL INC.; LENNOX INDUSTRIES
and DOES 1 through 25, Inclusive,

    Defendants.
_____/

No. C 08-00836 CW

ORDER GRANTING
DEFENDANTS' MOTION
TO DISMISS

    Plaintiffs' claims arise under the Unfair Competition Law (UCL), California Business & Professions Code § 17200; the Consumer Legal Remedies Act (CLRA), California Civil Code § 1750; and the doctrine of unjust enrichment. Defendants move to dismiss the UCL claim asserted by class members who own a home in which a fireplace was installed more than four years ago on the ground that such a claim is barred by the statute of limitations. Similarly, Defendants move to dismiss the CLRA and unjust enrichment claims asserted by class members who own a home in which a fireplace was

1 installed more than three years ago on the ground that such claims
2 are barred by the statute of limitations.  Defendants also move to
3 dismiss the CLRA claim on the ground that Plaintiffs have not
4 complied with the pre-litigation notice requirements of the CLRA.
5 Plaintiffs oppose the motion.  Having heard oral argument and
6 considered all of the papers filed by the parties, the Court grants
7 Defendants' motion.

BACKGROUND

On February 6, 2008, Plaintiffs filed this putative class action on behalf of themselves and all similarly situated persons who are the owners of homes in which Defendants' gas fireplaces are installed.  According to Plaintiffs' second amended complaint (SAC), Defendants distributed and sold the gas fireplaces.

Plaintiffs allege that Defendants sold the fireplaces with the specific intention of having builders install them in homes throughout the United States.  SAC ¶ 14.  By selling the fireplaces, Defendants represented to consumers that they were "safe, of mercantile quality, and fit for their intended and reasonably foreseeable uses, and with sufficient protections and warnings regarding potential dangers and hazards which reasonable consumers would expect and assume to be provided in order to make a decision whether to purchase a home installed with [the fireplace] or purchase [a fireplace]."  Id.

Plaintiffs further allege that Defendants failed to disclose or concealed the fact that the fireplaces are dangerous and unsafe given that the unguarded single pane glass-sealed front may reach temperatures in excess of 475 degrees Fahrenheit, which may cause

2

third degree burns to skin contacting the glass.  Id. at ¶ 15.  Lastly, Plaintiffs allege that because of Defendants' conduct and omissions in the last ten years, members of the putative class came to own residential homes in which the fireplaces were installed.  Id. at ¶ 16.

On March 30, 2009, the Court granted in part Defendants' motion to dismiss the complaint.  Plaintiffs were granted leave to amend and they filed a second amended complaint on June 1, 2009.  On July 9, 2009, Defendants filed the instant motion to dismiss.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashkcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

In Iqbal, 129 S. Ct. at 1950, the Supreme Court laid out the

3

following methodological approach for assessing the adequacy of a plaintiff's complaint:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

                              DISCUSSION

I.   CLRA Notice Requirements

Under the CLRA, thirty days or more prior to the commencement of "an action for damages," the consumer shall notify the defendant

4

1 of the particular alleged violations of § 1770, and demand that the
2 defendant correct, repair, replace, or otherwise rectify the goods
3 or services alleged to be in violation of § 1770.  Cal. Civ. Code
4 § 1782(a).  The notice must be in writing and must be sent by
5 certified or registered mail, return receipt requested, to the
6 place where the transaction occurred or to the person's principal
7 place of business within California.  Id.  A "literal application
8 of the notice provisions" is the only way to accomplish the CLRA's
9 purposes.  Outboard Marine Corp. v. Superior Court, 52 Cal. App. 3d
10 30, 41 (1975).

11    Plaintiffs failed to give the pre-litigation CLRA notice
12 before filing their original complaint.  The Court dismissed the
13 CLRA damages claim as premature, but granted Plaintiffs leave to
14 amend their complaint to include this claim once the requisite
15 notice had been provided.  Plaintiffs so amended.  Defendants now
16 argue that Plaintiffs have not satisfied the notice requirement
17 because the notice was mailed to addresses in Texas, not
18 California.[1]  Plaintiffs claim that they attempted to mail the
19 notice to a California location, but no such location is on record
20 with the California Secretary of State.  However, Plaintiffs were
21 aware that Defendant Lennox Hearth maintained a principal place of
22 business in California, but they failed to send a notice to that
23 address.  Decl. K. Wolden ¶ 7.  Moreover, although Defendant Lennox
24 Industries does not have a principal place of business in
25 California, it provided Plaintiffs with a California address to

---

[1] The Court grants Defendants' request to take judicial notice of the April 1, 2009 notice sent to Defendants.

use. Id. at ¶ 6. Nevertheless, Plaintiffs did not mail their pre-litigation notice to that address either.

As noted above, the pre-litigation notice requirement must be literally applied and strictly construed. See Outboard Marine, 52 Cal. App. 3d at 40-41; Cattie v. Wal-Mart Stores Inc., 504 F. Supp. 2d 939, 950 (S.D. Cal. 2007). Nevertheless, the Court will grant Plaintiffs one last opportunity to comply with the pre-litigation requirement. If Plaintiffs do not comply with the requirement, the Court will dismiss their claim for damages under the CLRA.

II. Statute of Limitations

The parties agree that a three-year statute of limitations applies to the CLRA and unjust enrichment claims and a four-year statute of limitations applies to the UCL claim. However, the parties dispute whether the time limits should be tolled under the delayed discovery rule or, alternatively, under the principle of fraudulent concealment. If the time limits are not tolled, Plaintiffs' CLRA and unjust enrichment claims arising from a fireplace that was installed in a home more than four years ago and Plaintiffs' UCL claim arising from a fireplace that was installed in a home more than three years ago are barred.

A. Delayed Discovery Rule

Plaintiffs argue that their claims are based on allegations of failure to disclose, and that they are therefore covered by the delayed discovery rule.

Although generally a cause of action accrues when all of its elements accrue, the delayed discovery rule postpones accrual until the plaintiff discovers, or has reason to discover, the cause of

6

action. <u>Grisham v. Philip Morris U.S.A., Inc.</u>, 40 Cal. 4th 623, 741, 742 (2007). A plaintiff has reason to discover a cause of action when he or she "has reason at least to suspect a factual basis for its elements." <u>Id.</u> at 742. "Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." <u>Fox v. Ethicon Endo-Surgery, Inc.</u>, 35 Cal. 4th 797, 806-807 (2005).

To invoke the delayed discovery rule, the plaintiff must plead facts showing: "(a) Lack of knowledge. (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date). (c) How and when he did actually discover the fraud or mistake." <u>General Bedding Corp. v. Echevarria</u>, 947 F.2d 1395, 1397 (9th Cir. 1991) (applying California law). Under this rule, when the plaintiff has information about circumstances that would put a reasonable person on inquiry notice, or has the opportunity to obtain knowledge from sources open to his or her investigation, the statute commences to run. <u>Id.</u>

The delayed discovery rule is typically employed when the defendant is in a far superior position to know of the act and the injury, and the act and the injury are difficult for the plaintiff to detect. <u>Prudential Home Mortgage Co. v. Superior Court</u>, 66 Cal. App. 4th 1236, 1246-47 (1998); <u>Gryczman v. Pico Partners, Ltd.</u>, 107 Cal. App. 4th 1, 5 (2003).

The delayed discovery rule does not apply to actions brought under the UCL. <u>Snapp & Associates Ins. Servs., Inc. v. Robertson</u>,

7

96 Cal. App. 4th 884, 891 (2002); Karl Storz Endoscopy America, Inc. v. Surgical Technologies, Inc., 285 F.3d 848 (9th Cir. 2002). The Court will only consider whether it applies to Plaintiffs' CLRA and unjust enrichment claims.

Like Plaintiffs' original complaint, the SAC fails to plead sufficient facts regarding their lack of knowledge of Defendants' alleged fraud, lack of the means to discover the alleged fraud and how and when the alleged fraud was actually discovered.

Plaintiffs moved into their home in February, 2007 and they discovered the alleged danger of the fireplace in the winter of 2007 when their dog was burned by the fireplace screen. Plaintiffs allege that no reasonable consumer could have contemplated, without a clear disclosure by Defendants, that they could be seriously burned by the fireplace screens "placed in family areas low enough to be touched by infants and small children and resembling many of the other home appliances that they knew to be heat generating yet safe to touch." SAC ¶ 17(m). Plaintiffs allege that the manner in which the fireplace was marketed and presented to them led them reasonably to rely upon the products as safe to use.

Plaintiffs argue that the delayed discovery rule applies to the unnamed class members whose fireplaces were installed within ten years prior to the date of the filing of this case. However, Plaintiffs do not address whether the experiences of those unnamed class members are similar to their own. If their experiences were similar, then these class members would have discovered the facts giving rise to their claims within a year of moving into their homes, which is well within the applicable statute of limitations.

8

Thus, the SAC supports the proposition that all unnamed class members were capable of determining that their fireplaces were dangerous within the limitations period.  Accordingly, Plaintiffs have not met their burden to allege facts to support a plausible inference that the class members who had a fireplace installed more than three years ago for the CLRA and unjust enrichment claims and more than four years ago for the UCL claims lacked knowledge of those claims.

Moreover, class members with time-barred claims had "notice or information of circumstances to put a reasonable person on inquiry or . . . the opportunity to obtain knowledge open to [] investigation . . . ."  <u>General Bedding</u>, 947 F.2d at 1397.  Class members had obvious access to their fireplaces, which emitted significant amounts of heat.  Therefore, simply by using their fireplaces, they had an opportunity to obtain knowledge "from sources open to [] investigation."  <u>Id.</u>  Also, a tag near the pilot light and a customer care manual included warnings about the high surface temperature of the fireplace.[2]  Plaintiffs allege that these warnings were inadequate because the tag was located "under the bowels of the unit" and the warning in the manual was located two to four pages into the manual.  SAC ¶ 17(i).  The Court

---

[2] The tag states, "Caution: Hot while in operation.  Do not touch.  Severe burns may result.  Keep children, clothing, furniture, gasoline and other liquids having flammable vapors away."  The manual provides, "WARNING!  Children and adults should be alerted to the hazards of high surface temperatures.  Use caution around the appliance to avoid burns or clothing ignition.  Young children should be carefully supervised when they are in the same room as the appliance.  <u>Note: An optional screen panel for the glass is available (see page 14 for ordering information)."</u>  (Emphasis in original.)

9

1 concludes that these warnings, combined with significant heat
2 exposure that any fireplace user would have experienced,
3 sufficiently put a reasonable person on inquiry notice of the
4 claim.
5     Lastly, Plaintiffs have not adequately alleged how and when
6 the class members with time-barred claims discovered the alleged
7 fraud. Therefore, the Court concludes that Plaintiffs have not
8 sufficiently plead facts to support an application of the delayed
9 discovery rule.
10     B. Fraudulent Concealment Doctrine
11     "A close cousin of the discovery rule is the well accepted
12 principle of fraudulent concealment." Bernson v. Browning-Ferris
13 Indus. of California, Inc., 7 Cal. 4th 926, 931 (1994). "The rule
14 of fraudulent concealment is applicable whenever the defendant
15 intentionally prevents the plaintiff from instituting suit . . ."
16 Id. at 931, n.3. "In order to establish fraudulent concealment,
17 the complaint must show: (1) when the fraud was discovered; (2) the
18 circumstances under which it was discovered; and (3) that the
19 plaintiff was not at fault for failing to discover it or had no
20 actual or presumptive knowledge of facts sufficient to put him on
21 inquiry." Baker v. Beech Aircraft Corp., 39 Cal. App. 3d 315, 321
22 (1974). "In urging lack of means of obtaining knowledge, it must
23 be shown that in the exercise of reasonable diligence the facts
24 could not have been discovered at an earlier date." Id.
25     For the reasons described above, Plaintiffs' SAC fails to
26 allege when the fraud was discovered by class members who have
27 time-barred claims, the circumstances under which it was

discovered, and that they were not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put them on inquiry. Plaintiffs therefore fail to allege sufficient facts to invoke tolling based on fraudulent concealment.

Plaintiffs' CLRA claims arising outside of the three-year statute of limitations, UCL claims arising outside of the four-year statute of limitations, and unjust enrichment claims arising outside of the three-year statute of limitations are dismissed.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss without leave to amend. Plaintiffs have previously been granted leave to amend and have failed to add the requisite particularity to their claims.

IT IS SO ORDERED.

Dated: 9/8/09

CLAUDIA WILKEN
United States District Judge