DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
MICHAEL J. THOMAS (Bar No. 172326)
MEGHAN M. BAKER (Bar No. 243765)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
bwarne@downeybrand.com
mthomas@downeybrand.com
mbaker@downeybrand.com

Attorneys for Defendants
LENNOX HEARTH PRODUCTS INC., LENNOX
INTERNATIONAL INC., LENNOX INDUSTRIES INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK KEILHOLTZ and KOLLEEN KEILHOLTZ for themselves and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR FIREPLACE COMPANY, LENNOX HEARTH PRODUCTS INC., LENNOX INTERNATIONAL INC. and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. 4:08-cv-00836-CW (JCS)<br><br>**APPENDIX OF STATE LAW VARIATIONS IN SUPPORT OF OPPOSITION TO MOTION FOR CLASS CERTIFICATION** |

| I. | VARIATIONS IN STATE CONSUMER PROTECTION STATUTES AND DECEPTIVE TRADE PRACTICES LAWS |
|---|---|

| ALABAMA | |
|---|---|
| *Deceptive Trade Practices Act* | |
| ALA. CODE §§ 8-19-1 *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **Misconduct must cause "monetary damage."**<br><br>ALA. CODE § 8-19-10(a) (2009), *Billions v. White & Staffor Furniture Co.*, 528 So. 2d 878, 880 (Ala. Civ. App. 1988). |

| SCIENTER | Defense to action if defendant "did not knowingly" commit violation of the act. |
| | ALA. CODE § 8-19-13 (2009), *Strickland v. Katko Mfg., Inc.*, 512 So. 2d 714, 718 (Ala. 1987), *Sam v. Beaird*, 685 So. 2d 742, 744 (Ala. Ct. App. 1996). |
| DAMAGES & REMEDIES | Greater of actual damages or $100, up to three times actual damages in discretion of court, no prejudgment interest, punitive damages recoverable up to three times actual damages, attorney's fee mandatory, injunctive relief available. |
| | ALA. CODE §§ 8-19-10(a)(1 & 2) (2009). |

| **ALASKA** |
| *Unfair Trade Practices and Consumer Protection Act* |
| ALASKA STAT. §§ 45.50.471 *et seq.* |

| RELIANCE OR PROXIMATE CAUSATION | Plaintiff must suffer loss "as a result" of the unlawful practice. |
| | ALASKA STAT. § 45.50.471 (2009). |
| SCIENTER | Actual intent need not be proved. |
| | *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 535 (Alaska 1980). |
| DAMAGES & REMEDIES | Injunctive relief, punitive and treble damages available. |
| | ALASKA STAT. § 45.50.531(a) & (i) (2009), ALASKA STAT. § 45.50.535(a) (2009). |

| **ARIZONA** |
| *Consumer Fraud Act* |
| ARIZ. REV. STAT. ANN. §§ 44-1521 *et seq.* |

| RELIANCE OR PROXIMATE CAUSATION | Reliance required, but it need not be reasonable, proximate causation of injury also required. |
| | *Kuehn v. Stanley*, 604 P.2d 651, 654 (Ariz. Ct. App. 2004), *Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992), *Winkler v. DTE, Inc.*, 205 F.R.D. 235, 242 (D. Ariz. 2001), *Peery v. Hansen*, 585 P.2d 574, 577 (Ariz. Ct. App. 1978) (construing ARIZ. REV. STAT. ANN. § 44-1522 (2008). |
| SCIENTER | Wrongful concealment must be with "intent that others rely." |

| | Ariz. Rev. Stat. Ann. § 44-1522(A) (2008). |
|---|---|
| DAMAGES & REMEDIES | **Punitive damages are available.** |
| | *Howell v. Midway Holdings, Inc.*, 362 F. Supp. 2d 1158, 1165 (D. Ariz. 2005). |
| | **Treble damages are not recoverable**. |
| | Ariz. Rev. Stat. Ann. § 44-1522 (2008). |

| **ARKANSAS** |
|---|
| *Deceptive Trade Practices Act* |
| **Ark. Code Ann. §§ 4-88-101** *et seq.***, 4-88-201** *et seq.* |

| RELIANCE OR PROXIMATE CAUSATION | **Right of action required "actual damage or injury" incurred "as a result of" a violation of the act.** |
|---|---|
| | Ark. Code Ann. § 4-88-113(f) (2009). |
| SCIENTER | **Prohibits "knowingly" making false representations of "benefits" of product.** |
| | Ark. Code Ann. § 4-88-107 (a)(1) (2009). |
| | **Prohibits concealment with "intent that others reply."** |
| | Ark. Code Ann. § 4-88-108(2) (2009). |
| DAMAGES & REMEDIES | **Allows only compensatory damages and reasonable attorney's fees, injunctive relief available.** |
| | Ark. Code Ann. § 4-88-113(a)(1) & (f) (2009). |
| | **Allows punitive damages for elderly and disabled persons.** |
| | Ark. Code Ann. § 4-88-204 (2009). |

| **CALIFORNIA** |
|---|
| *Consumer Legal Remedies Act* |
| **Cal. Civ. Code §§ 1750** *et seq.* |

| RELIANCE OR PROXIMATE CAUSATION | **Causation required as damages must be "as a result of" the unlawful practice.** |
|---|---|
| | Cal. Civ. Code § 1780(a) (West 2009). |
| | **Reliance required where claim is based on** |

| | fraudulent conduct. |
|---|---|
| | *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 809-11 (Cal. Ct. App. 2007). |
| | **Inferences of reliance only permitted in limited instances where record permits it.** *Massachusetts Mutual Life Ins. Co. v. Superior Court*, **97 Cal.App.4th 1282, 1292 (2002).** |
| SCIENTER | **No scienter requirement.** |
| | CAL. CIV. CODE § 1770 (West 2009); *see also Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 242 (2001) ("California's unfair competition law imposes liability without the necessity of showing intent") (citing Civ. Code § 1770(a)(5)). |
| DAMAGES & REMEDIES | **Greater of actual damages or $1,000 in a class action, injunctive relief permitted, punitive damages allowed.** |
| | CAL. CIV. CODE § 1780(a) (West 2009). |

<table>
<tr><td colspan="2" align="center"><b>CALIFORNIA (CONT'D)</b><br><i>Unfair Competition Law</i><br>CAL. BUS. & PROF. CODE §§ 17200 <i>et seq.</i></td></tr>
<tr><td>RELIANCE OR PROXIMATE CAUSATION</td><td><b>Reliance required for named class representatives.</b></td></tr>
<tr><td></td><td><i>See In re Tobacco II,</i> 46 Cal.4th 298, 314, 324-25 (2009) (quoting Cal. Bus. & Prof. Code § 17204).</td></tr>
<tr><td>SCIENTER</td><td><b>No scienter requirement.</b></td></tr>
<tr><td></td><td><i>Wershba v. Apple Computer, Inc.</i>, 91 Cal. App. 4th 224, 242 (Cal. Ct. App. 2001).</td></tr>
<tr><td>DAMAGES & REMEDIES</td><td><b>Damages not permitted, only equitable relief may be obtained.</b></td></tr>
<tr><td></td><td>CAL. BUS. & PROF. CODE § 17203 (West 2009), <i>Indep. Hous. Serv. of San Francisco v. Fillmore Ctr. Assoc.</i>, 840 F. Supp. 1328 (N.D. Cal. 1993).</td></tr>
</table>

| COLORADO | |
|---|---|
| Consumer Protection Act | |
| COLO. REV. STAT. § 6-1-101 *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **"False representation must either induce a party to act, refrain from acting, or have the capacity or tendency to attract consumers."** |
| | *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147 (Colo. 2003). |
| SCIENTER | **Certain violations, including falsely representing "benefits" of a product, must be made "[k]nowingly."** |
| | COLO. REV. STAT. § 6-1-105(1)(e), (g), (i) & (u) (2009), *Crowe v. Tull*, 126 P.3d 196, 204 (Colo. 2006). |
| DAMAGES & REMEDIES | **In a class action, only actual damages are permitted.** |
| | COLO. REV. STAT. § 6-1-113(2)(a) (2009). |
| | **In an individual action, there is a statutory minimum of $500, prejudgment interest allowed, punitive damages allowed up to three times actual damages.** |
| | COLO. REV. STAT. § 6-1-113(2)(a) (2009), *Martinez v. Affordable Hous. Network*, 109 P.3d 983, 992 (Colo. Ct. App. 2004), *Hall v. Walter*, 969 P.2d 224, 229 n. 5 (Colo. 1998). |
| | **Injunctive relief available only in suits brought by Attorney General.** |
| | COLO. REV. STAT. § 6-1-100 (2009). |
| CONNECTICUT | |
| Unfair Trade Practices Act | |
| CONN. GEN. STAT. ANN. §§ 42-110a *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **Reliance not required.** |
| | *Izzarelli v. R.J. Reynolds Tobacco Co.*, 117 F. Supp. 2d 167, 176 (D. Conn 2000), *Hinchcliffe v. American Motors Corp.*, 440 A.2d 810, 815-16 (Conn. 1981). |
| SCIENTER | **Not required.** |

| | |
|---|---|
| | *Calandro v. Allstate Ins. Co.*, 778 A.2d 212, 221 (Conn. App. Ct. 2001), *Muniz v. Kraus*, 757 A.2d 1207, 1214 (Conn. App. Ct. 2000), *Cheshire Mortg. Serv. Inc. v. Montes*, 612 A.2d 1130, 1144 (Conn. 1992), *Miller v. Guimaraes*, 829 A.2d 422, 435 n. 3 (Conn. App. Ct. 2003). |
| DAMAGES & REMEDIES | **Permits actual and injunctive relief, punitive damages and attorney's fees within discretion of court.** |
| | CONN. GEN. STAT. ANN. § 42-110g(a) & (d) (2009). |
| | **Punitive damages dependent on proof of "reckless indifference to the rights of others or an intentional or wanton violation of those rights."** |
| | *Gargano v. Heyman*, 525 A.2d 1343, 1347 (Conn. 1987). |
| **DELAWARE** *Consumer Fraud Act* **DEL. CODE ANN. tit. 6, §§ 2511** *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **Reliance not required.** |
| | *Stephenson v. Capano Dev. Inc.,* 462 A.2d 1069, 1074 (Del. 1983), *S&R Assocs. v. Shell Oil Co.*, 725 A.2d 431, 440 (Del. Super. Ct. 1998), *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 658 (Del. Super. Ct. 1985). |
| SCIENTER | **Neither intent to make a deceptive or untrue statement nor intent to induce reliance required, but concealment claims require "intent that others rely" on concealment.** |
| | DEL. CODE ANN. tit. 6, § 2513(a) (2009), *Stephenson v. Capano Dev., Inc.,* 462 A.2d 1069, 1074 (Del. 1983), *Brandywine Volkswagen, Ltd. v. State*, 312 A.2d 632, 634 (Del. 1973). |
| DAMAGES & REMEDIES | **Injunctive relief and treble damages permitted, punitive damages not allowed where treble damages are awarded.** |
| | DEL. CODE ANN. tit. 6, § 2533 (2009), *Grand Ventures, Inc. v. Whaley*, 632 A.2d 63, 67-68 (Del. 1993), *Roberts v. American Warranty* |

| | |
|---|---|
| | *Corp.*, 514 A.2d 1132, 1135 (Del. Super. Ct. 1986). |

| FLORIDA | |
|---|---|
| *Deceptive and Unfair Trade Practices Act* | |
| FLA. STAT. ANN. §§ 501.201 *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **Reliance and causation not required.** |
| | *Davis v. Powertel, Inc.* 776 So. 2d 971, 973-74 (Fla. Dist. Ct. App. 2000). |
| SCIENTER | **Not required, must show only that conduct is "likely to mislead" reasonable consumers.** |
| | *Davis v. Powertel, Inc.* 776 So. 2d 971, 973-74 (Fla. Dist. Ct. App. 2000), *W.S. Babcock Corp. v. Myers*, 696 So. 2d 776, 779 (Fla. Dist. Ct. App. 1996). |
| DAMAGES & REMEDIES | **Actual damages plus attorney's fees and costs, equitable relief available.** |
| | FLA. STAT. ANN. § 501.211 (West 2009), *Martinez v. Rick Case Cars, Inc.*, 278 F. Supp. 2d 1371, 1373 (S.D. Fla. 2003), *Klinger v. Weekly World News, Inc.*, 747 F. Supp. 1477, 1479 (S.D. Fla. 1990). |

| GEORGIA | |
|---|---|
| *Uniform Deceptive Trade Practices Act ("UDTPA")* | |
| GA. CODE ANN. §§ 10-1-370 *et seq.* | |
| *Fair Business Practices Act ("FBPA")* | |
| GA. CODE ANN. §§ 10-1-390 *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **Reliance not required under UDTPA.** |
| | GA. CODE ANN. § 10-1-372(b) (West 2009). |
| | **Reliance and causation required under FBPA.** |
| | GA. CODE ANN. § 10-1-399(a) (West 2009), *Baranco, Inc. v. Bradshaw*, 391 S.E.2d 467, 470 (Ga. Ct. App. 1995), *Zeeman v. Black*, 273 S.E.2d 910, 916 (Ga. Ct. App. 1980), *Tiismann v. Linda Martin Homes Corp.*, 625 S.E.2d 32, 35-36 (Ga. Ct. App. 2005). |
| SCIENTER | **Intent to deceive not required under UDTPA.** |
| | GA. CODE ANN. § 10-1-372 (West 2009). |

| | |
|---|---|
| | **Neither knowledge of deception nor intent to deceive required under FBPA.** |
| | *Regency Nissan, Inc. v. Taylor*, 391 S.E.2d 467, 470 (Ga. Ct. App. 1990), *Henderson v. Gandy*, 608 S.E.2d 248, 252 (Ga. Ct. App. 2004), *Marrale v. Gwinnett Place Ford*, 609 S.E.2d 659, 665 (Ga. Ct. App. 2005). |
| DAMAGES & REMEDIES | **No civil damages under UDPTA, including statutory damages, only injunctive relief available.** |
| | GA. CODE ANN. § 10-1-373(a)-(c) (West 2009), *Catrett v. Landmark Dodge, Inc.*, 560 S.E.2d 101, 106 (Ga. Ct. App. 2002), *Moore-Davis Motors, Inc. v. Joyner*, 556 S.E.2d 137, 140 (2001), *Akron Pest Control v. Radar Exterminating Co.*, 455 S.E.2d 601, 603 (Ga. Ct. App. 1995) (construing GA. CODE ANN. § 10-1-370). |
| | **FBPA permits recovery of actual damages, injunctive relief, and punitive damages if specific intent shown, treble damages available with intentional violation.** |
| | GA. CODE ANN. §§ 10-1-399(a & c) (West 2009), *Conseco Fin. Serv. Corp. v. Hill*, 556 S.E.2d 468, 473 (Ga. Ct. App. 2001), *Regency Nissan, Inc. v. Taylor*, 391 S.E.2d 467, 470 (Ga. Ct. App. 1990). |
| **HAWAII** *Unfair Practices Act* HAW. REV. STAT. §§ 480-1 *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **In a suit for damages, violation must "cause" actual damages.** |
| | HAW. REV. STAT. § 480-13 (2009), *Sambor v. Omnnia Credit Servs. Inc.*, 183 F. Supp. 2d 1234, 1244 (D. Haw. 2002). |
| SCIENTER | **Intent not required for damages.** |
| | HAW. REV. STAT. § 480-2 (2009), *Davis v. Wholesale Motors*, 949 P.2d 1026, 1038 (Haw. Ct. App. 1997). |
| | **No intent required for injunctive relief.** |

| | HAW. REV. STAT. § 481A-4(a) (2009). |
|---|---|
| DAMAGES & REMEDIES | **A sum not less than $1,000 or three times actual damages, whichever is greater, unless plaintiff is an "elder" in which case it is the greater of $1,000 or three times damages, injunctive relief available, punitive damages not available.** |
| | HAW. REV. STAT. § 480-13 (2009), *E. Star, Inc. v. Union Bldg. Materials Corp.*, 712 P.2d 1148, 1151 (Haw. 1985), *Cieri v. Leticia Query Realty, Inc.*, 905 P.2d 29, 36 (Haw. 1995), *Liebert v. Finance Factors, Ltd.*, 788 P.2d 833, 838 (Haw. 1990), *Zanakis-Pico v. Cutter Dodge Inc.*, 47 P.3d 1222, 1232 (Haw. 2002), *Wiginton v. Pacific Credit Corp.*, 634 P.2d 111, 119 (Haw. 1981). |
| | **In class actions, only compensatory damages are awarded, $1,000 minimum does not apply.** |
| | HAW. REV. STAT. § 480-139(c)(1) (2009). |
| **IDAHO** *Consumer Protection Act* **IDAHO CODE §§ 48-601 *et seq.*** | |
| RELIANCE OR PROXIMATE CAUSATION | **Ascertainable loss incurred "as a result of" violation.** |
| | IDAHO CODE § 48-608 (2009), *Jackson v. Wood*, 859 P.2d 378, 380 (Idaho Ct. App. 1993). |
| SCIENTER | **Knowledge of falsity required for affirmative representations.** |
| | IDAHO CODE § 48-603 (2009), *State ex. Rel. Kidwell v. Master Distrib. Inc.*, 615 P.2d 116, 122-23 (Idaho 1980). |
| DAMAGES & REMEDIES | **Individual action, greater of actual damages or $1,000 and punitive damages if "repeated" or "flagrant." Injunctive relief available.** |
| | IDAHO CODE § 48-608(1) (2009), *In re Wiggins*, 273 B.R. 839, 880-81 (Bankr. D. Idaho 2001), *Mac Tools, Inc. v. Griffin*, 879 P.2d 1126, 1129-30 (Idaho 1994). |

| | |
|---|---|
| | **Treble damages available for the elderly and disabled.** |
| | Idaho Code § 48-608(2) (2009). |
| **ILLINOIS**<br>*Consumer Fraud and Deceptive business practice Act*<br>**815 Ill. Comp. Stat. 5051/1** *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **Injury must occur "as a result" of violation.** |
| | 815 Ill. Comp. Stat. 505/10A(a) (2009). |
| SCIENTER | **Intent to deceive is not required, but intent that consumer rely on the information is required.** |
| | *Griffin v. Universal Cas. Co.*, 654 N.E.2d 694, 700-01 (Ill. App. Ct. 1995), *Bunting v. Progressive Corp.*, 809 N.E.2d 225, 231 (Ill. App. Ct. 2004), *Smith v. Prime Cable of Chi.*, 658 N.E.2d 1325, 1335 (Ill. App. Ct. 1995), *Hoke v. Beck*, 587 N.E.2d 4, 8 (Ill. App. Ct. 1992), *Shannon v. Boise Cascade Corp.*, 805 N.E.2d 213, 217-18 (Ill. 2004). |
| DAMAGES & REMEDIES | **Statutory and compensatory damages permitted, treble damages not recoverable.** |
| | 815 Ill. Comp. Stat. 505/2S (2009), 815 Ill. Comp. Stat. 505/10A (2009), 815 Ill. Comp. Stat. 510/3 (2009). |
| | **Statute does allow punitive damages under "other relief" provision.  Grounds for that relief must be alleged fraud, malice, or gross negligence indicating wanton disregard for others.** |
| | 815 Ill. Comp. Stat. 505/10A (2009), *Guess v. Brophy*, 517 N.E.2d 693, 697 (Ill. App. Ct. 1987). |
| | **Injunctive relief available only in suits brought by Attorney General.** |
| | 815 Ill. Comp. Stat. 505/7 (2009), *Zanni v. Lippold*, 119 F.R.D. 32, 34 (C.D. Ill. 1988). |
| **INDIANA**<br>*Deceptive Consumer Sales Act*<br>**Ind. Code Ann. §§ 24-5-0.5-1** *et seq.* | |

| RELIANCE OR PROXIMATE CAUSATION | **Reliance and proximate causation required.** |
|---|---|
| | IND. CODE ANN. § 24-5-0.5-4(a) (West 2009), *Captain & Co. v. Steinberg*, 505 N.E. 2d 88, 98-99 (Ind. Ct. App. 1987). |
| SCIENTER | **"Incurable" deceptive practices require "knowing violation" and "intent to mislead"; most "uncured" deceptive practices require defendant had "known or reasonably should have known."** |
| | *McKinney v. State*, 693 N.E.2d 65, 68-69 (Ind. 1998). |
| DAMAGES & REMEDIES | **Allows damages for willful deceptive act of three times actual damages or $1,000, whichever is greater.** |
| | IND. CODE ANN. § 24-5-0.5-4(a) (West 2009). |
| | **Injunctive relief available only in suits brought by Attorney General.** |
| | IND. CODE ANN. § 24-5-0.5-4(c) (West 2009), *Block v. Abbott Labs.*, No. 99 C 7457, 2002 WL 485364 at *6 (N.D. Ill. 2002). |

| **IOWA** *Consumer Fraud Act* **IOWA CODE § 714.16** ||
|---|---|
| RELIANCE OR PROXIMATE CAUSATION | **Reliance not required.** |
| | IOWA CODE § 714.16(7) (2009). |
| SCIENTER | **Intent to deceive not required, only "intent that others rely."** |
| | IOWA CODE § 714.16(7) (2009), *State ex rel. Miller v. Pace*, 677 N.W.2d 761, 771 (Iowa 2004). |
| DAMAGES & REMEDIES | **No private right of action; injunctive relief available in suits brought by Attorney General.** |
| | IOWA CODE § 714.16(7) (2009). |

| **KANSAS** *Consumer Protection Act* **KAN. STAT. ANN. §§ 50-623, et seq.** ||
|---|---|
| RELIANCE OR PROXIMATE CAUSATION | **Recovery available whether or not consumer has been misled.** |

| | KAN. STAT. ANN. § 50-626(b) (2009). |
|---|---|
| SCIENTER | **Most deceptive acts or practices require willful or knowing (or have reason to know of) misrepresentation or omission.** |
| | KAN. STAT. ANN. § 50-626(b) (2009). |
| DAMAGES & REMEDIES | **Plaintiff may recover equitable relief or the greater of damages of civil penalty of up to $10,000 for each violation.** |
| | KAN. STAT. ANN. §§ 50-634(a & c) (2009). |
| | **Punitive damages may be awarded.** |
| | *York v. In Trust Bank, N.D.*, 962 P.2d 405, 429 (Kan. 1998), *Equitable Life Leasing Corp. v. Abbick*, 757 P.2d 304, 307-08 (Kan. 1988), KAN. STAT. ANN. § 50-636 (2009). |
| **KENTUCKY** *Consumer Protection Act* **KY. REV. STAT. ANN. §§ 367.110** *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **Proximate causation or causal relationship needed between act or practice and injury.** |
| | KY. REV. STAT. ANN. § 367.220(1) (West 2009), *Ky. Laborers Dist. Council Health & Welfare Trust Fund v. Hill & Knowlton, Inc.*, 24 F. Supp. 2d 755, 774 (W.D. Ky. 1998). |
| SCIENTER | **Must show defendant's actions are intentional or grossly negligent.** |
| | *Sparks v. Re/Max Allstar Realty, Inc.*, 55 S.W.3d 343, 348 (Ky. Ct. App. 2000), *Capital Cadillac Olds. Inc. v. Roberts*, 813 S.W.2d 287, 291 (Ky. 1991). |
| DAMAGES & REMEDIES | **Actual damages, discretionary punitive damages and equitable relief allowed.** |
| | KY. REV. STAT. ANN. § 367.220(1) (West 2009). |
| **LOUISIANA** *Unfair Trade Practices Acts* **LA. REV. STAT. ANN., §§ 51:1401** *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **Loss must have occurred "as a result of the use of employment by another person of an unfair or deceptive method, act or practice."** |

| | |
|---|---|
| | LA. REV. STAT. ANN. § 51:1409(A) ( 2009). |
| SCIENTER | **Defendant must have acted "knowingly" for treble damages.** |
| | LA. REV. STAT. ANN. § 51:1409(A) ( 2009). |
| DAMAGES & REMEDIES | **Permits recovery of actual damages and treble damages for knowing violations, but only if the defendant is "put on notice by the director or attorney general."  No punitive damages beyond treble damages.** |
| | LA. REV. STAT. ANN. § 51:1409(A) ( 2009). |
| | **Injunctive relief available only in suits brought by Attorney General.** |
| | LA. REV. STAT. ANN. § 51:1407(A) ( 2009), *Block v. Abbott Labs.*, No. 99 C7457, 2002 WL 485364 at *6 (N.D. Ill. 2002). |
| **MAINE** *Unfair Trade Practices Act* **ME. REV. STAT. ANN. tit. 5 §§ 205-A** *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **Plaintiff must suffer loss "as a result" of the unlawful practice.** |
| | ME. REV. STAT. ANN. tit. 5 § 205 (2009). |
| SCIENTER | **Bad faith is not required.** |
| | *Courtney v. Bassano*, 733 A.2d 973, 976 (Me. 1999), *Bartner v. Carter*, 405 A.2d 194, 200 (Me. 1979). |
| DAMAGES & REMEDIES | **Actual damages and injunctive relief available.** |
| | ME. REV. STAT. ANN. tit. 5 § 213 (2009). |
| **MARYLAND** *Consumer Protection Act* **MD. CODE ANN., COM. LAW §§ 13-101** *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **Private right of action for damages requires injury or loss "as a result" of proscribed practice.** |
| | MD. CODE ANN., COM. LAW § 13-408(a) (West 2009). |
| SCIENTER | **Scienter not required for all sections under the Act**. |

APPENDIX OF STATE LAW VARIATIONS ISO OPPOSITION

| | |
|---|---|
| | MD. CODE ANN., COM. LAW § 13-301(1) (West 2009), *Golt v. Phillips*, 517 A.2d 328, 332-33 (Md. 1986), *Luskin's, Inc. v. Consumer Prot. Div.*, 726 A.2d 702, 717 (Md. 1999). |
| DAMAGES & REMEDIES | **For private right of action, compensatory damages, no punitive or treble damages or injunctive relief.** |
| | MD. CODE ANN., COM. LAW § 13-408(a) (West 2009), *Golt v. Phillips*, 517 A.2d 328, 332-33 (Md. 1986), *McGraw v. Loyola Ford, Inc.*, 723 A.2d 502, 510 (Md. 1999). |
| **MASSACHUSETTS**<br>*Consumer Protection Act*<br>**MASS. GEN. LAWS ch. 93A §§ 1 *et seq.*** | |
| RELIANCE OR PROXIMATE CAUSATION | **Reliance not required.** |
| | *Sebago, Inc. v. Beazer E. Inc.*, 18 F. Supp. 2d 70, 103 (D. Mass. 1998), *Iannacchino v. Ford Motor Co.*, 888 N.E.2d 879, 887 n. 12 (Mass. 2008). |
| SCIENTER | **No intention to deceive need be shown, defendant need not know representation was false.** |
| | *Swanson v. Bankers Life Co.*, 450 N.E.2d 577, 580 (Mass. 1983), *Fraser Eng'g Co. Inc. v. Desmond*, 524 N.E.2d 110, 113 (Mass. App. Ct. 1988), *Golder v. Baybank Valley Trust Co.*, 704 N.E.2d 1191, 1194 (Mass. App. Ct 1999), *Slaney v. Westwood Auto, Inc.*, 322 N.E.2d 768, 779 (Mass. 1975). |
| DAMAGES & REMEDIES | **Greater of actual damages or $25 and double to treble damages for "willful or knowing" violations.** |
| | MASS. GEN LAWS ch. 93A § 9(3) (2009), *Aspinall v. Philip Morris Cos.*, 813 N.E.2d 476, 490-91 (Mass. 2004). |
| | **Injunctive relief available.** |
| | *Herman v. Home Depot*, 763 N.E.2d 512, 513 (Mass. 2002). |
| **MICHIGAN**<br>*Consumer Protection Act*<br>**MICH. COMP. LAWS ANN. §§ 445.901 *et seq.*** | |

| RELIANCE OR PROXIMATE CAUSATION | **Loss must be "as a result of a violation" of the Act.** |
| | MICH. COMP. LAWS ANN. § 445.911(2) (West 2009). |
| | **Members of a class action "need not individually prove reliance on the alleged misrepresentations," just show reasonable person would have relied.** |
| | *Dix v. Am. Bankers Life Assurance Co. of Fla.*, 415 N.W.2d 206, 209 (Mich. 1987). |
| SCIENTER | **Plaintiff must show defendant's "intent to deceive through a pattern of misrepresentations."** |
| | MICH. COMP. LAWS ANN. § 445.911(6) (West 2009), *Dix v. Am. Bankers Life Assurance Co. of Fla.*, 415 N.W.2d 206, 209 (Mich. 1987). |
| DAMAGES & REMEDIES | **In individual actions, the greater of actual damages or $250.  Class actions are limited to actual damages.  Injunctive and declaratory relief also available.** |
| | MICH. COMP. LAWS ANN. §§ 445.911(1–3) (West 2009). |
| | **Punitive damages allowed for persistent and knowing violations, not to exceed $25,000.** |
| | MICH. COMP. LAWS ANN. § 445.905(1) (West 2009). |
| **MINNESOTA**<br>*Consumer Fraud Act*<br>**MINN. STAT. §§ 325F.68-.70** | |
| RELIANCE OR PROXIMATE CAUSATION | **Injury must be "by a violation" of the Act.** |
| | MINN. STAT. § 8.31(a) (2009). |
| | **Proof of reliance is required for damages (but not for injunctive relief).** |
| | *Thompson v. Am. Tobacco Co.*, 189 F.R.D. 544, 553 (D. Minn. 1999), *Parkhill v. Minn. Mut. Life Ins., Co.*, 188 F.R.D. 332, 344-45 (D. Minn. 1999), *Certified Question United States* |

| | |
|---|---|
| | *Dist. Court Order v. Philip Morris, Inc.*, 621 N.W.2d 2, 13 (Minn. 2001). |
| SCIENTER | **Must establish that defendants "intended to induce reliance."** |
| | MINN. STAT. § 325F.69(j) (2009), *Thompson v. Am. Tobacco Co.*, 189 F.R.D. 544, 553 (D. Minn. 1999). |
| DAMAGES & REMEDIES | **Actual damages and injunctive relief available.** |
| | MINN. STAT. § 8.31(3a) (2009), MINN. STAT. § 325F.70(1) (2009). |

| **MISSISSIPPI** |
|---|
| *Consumer Protection Act* |
| **MISS. CODE ANN. §§ 75-24-1** *et seq.* |

| | |
|---|---|
| RELIANCE OR PROXIMATE CAUSATION | **"Ascertainable loss" must be "a result of" unlawful acts.** |
| | MISS. CODE ANN. § 75-24-15(1) (West 2009). |
| SCIENTER | **Only some subsections require intent.** |
| | MISS. CODE ANN. § 75-24-5 (West 2009). |
| DAMAGES & REMEDIES | **Injunctive relief available only in suits brought by Attorney General.** |
| | MISS. CODE ANN. § 75-24-9 (West 2009). |
| | **Compensatory damages available.** |
| | MISS. CODE ANN. § 75-24-15(1) (West 2009). |

| **MISSOURI** |
|---|
| *Merchandising Practices Act* |
| **MO. ANN. STAT. §§ 407-010** *et seq.* |

| | |
|---|---|
| RELIANCE OR PROXIMATE CAUSATION | **"Ascertainable loss" must be "a result of" unlawful acts.** |
| | MO. ANN. STAT. § 407.025(1) (West 2009). |
| SCIENTER | **No need to prove intent.** |
| | *State ex rel. Nixon v. Beer Nuts*, 29 S.W.3d 828, 837 (Mo. Ct. App. 2000), *State ex rel. Webster v. Areaco Inc. Co.*, 756 S.W.2d 633, 634 (Mo. Ct. App. 1988). |
| DAMAGES & REMEDIES | **Actual damages and discretionary punitive damages available.** |
| | MO. ANN. STAT. § 407.025(1) (West 2009). |

APPENDIX OF STATE LAW VARIATIONS ISO OPPOSITION

| | |
|---|---|
| | **Injunctive relief available.**<br>Mo. Ann. Stat. § 407.025(2) (West 2009). |
| **MONTANA**<br>*Montana Unfair Trade Practices and Consumer Protection Act of 1973*<br>**Mont. Code Ann. §§ 30-14-101 *et. seq.*** | |
| RELIANCE OR PROXIMATE CAUSATION | **No reliance is required to show an unlawful practice**.<br>Mont. Code Ann. § 30-14-102 (2007). |
| SCIENTER | **Scienter is required only to grant an injunction.**<br>Mont. Code Ann. § 30-14-111(1) (2007). |
| DAMAGES & REMEDIES | **The Montana Department of Justice can request an injunction against any person knowingly engaged in an unlawful method, act or practice.**<br>Mont. Code Ann. § 30-14-111(1) (2007).<br><br>**Punitive damages are available**.<br>Mont. Code Ann. § 30-14-142(2) (2007).<br><br>**Discretionary treble damages are available.**<br>Mont. Code Ann. § 30-14-153(1) (2007),<br>*Plath v. Schomock*, 64 P. 3d 984, 990-91 (Mont. 2003). |
| **NEBRASKA**<br>*Consumer Protection Act (CPA)*<br>**Neb. Rev. Stat. §§ 59-1601 to 1623.**<br>*Uniform Deceptive Trade Practices Act (UDTPA)*<br>**Neb. Rev. Stat. §§ 87-301 to 306.** | |
| RELIANCE OR PROXIMATE CAUSATION | **CPA requires plaintiff to be "injured by a violation" of this Act.**<br>Neb. Rev. Stat. § 59-1609 (2009).<br><br>**UDTPA requires that person is "likely to be damaged by a deceptive trade practice."**<br>Neb. Rev. Stat. § 87-303(a) (2009). |
| SCIENTER | **No scienter requirement.**<br>Neb. Rev. Stat. § 87-303(a) (2009). |
| DAMAGES & REMEDIES | **CPA allows for recovery of actual damages.**<br>Neb. Rev. Stat. § 59-1609 (2009). |

| | UDTPA does not allow for recovery of actual damages. |
| | NEB. REV. STAT. § 87-303 (2009), *Triple-7, Inc. v. Intervet, Inc.*, 338 F. Supp. 2d 1082, 1087 (D. Neb. 2004). |

| **NEVADA** |
|---|
| *Deceptive Trade Practices Act* |
| **NEV. REV. STAT. §§ 598-0903** *et seq.* |

| RELIANCE OR PROXIMATE CAUSATION | A claim may be brought by or on behalf of "any person who is a victim of consumer fraud." |
| | NEV. REV. STAT. § 41.600(1) (2009). |
| SCIENTER | Requires defendant to "knowingly" make a false representation. |
| | NEV. REV. STAT. § 598.0915 (2009). |
| | Or "knowingly" fail to disclose a material fact. |
| | NEV. REV. STAT. § 598.0923(2) (2009). |
| DAMAGES & REMEDIES | Elderly or disabled may recover actual and punitive damages. |
| | NEV. REV. STAT. § 598.0977 (2009). |
| | Punitive damages may be awarded up to $5,000 and treble damages are discretionary. |
| | NEV. REV. STAT. §§ 598.0999(2 & 3) (2009). |

| **NEW HAMPSHIRE** |
|---|
| *Consumer Protection Act ("CPA")* |
| **N.H. REV. STAT. ANN. §§ 358-A,1** *et seq.* |

| RELIANCE OR PROXIMATE CAUSATION | In order to recover it is "not necessary to prove actual confusion or misunderstanding." |
| | N.H. REV. STAT. ANN. § 358-A:11 (2009). |
| SCIENTER | No level of scienter required for normal damages. Damages doubled or trebled for "willful or knowing violations." |
| | N.H. REV. STAT. ANN. § 358-A:10 (2009). |

| DAMAGES & REMEDIES | In individual actions, greater of actual damages or $1,000, if the violation was "willful or knowing," court shall award between two and three times actual damages, injunctive relief available. |
| | N.H. Rev. Stat. Ann. § 358-A:10 (2009). |

| NEW JERSEY | |
| --- | --- |
| *Consumer Fraud Act* | |
| **N.J. Stat. Ann. §§ 59:8-19 *et seq.*** | |

| RELIANCE OR PROXIMATE CAUSATION | Any person who suffers ascertainable loss of moneys or property "as a result of" unlawful acts may bring an action. |
| | N.J. Stat. Ann. § 56:8-19(a) (West 2009), *Gross v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 696 A.2d 793, 797 (N.J. Super. Ct. Law Div. 1997). |
| | **Liability under the Act "does not require proof of reliance."** |
| | *DaBosh v. Mercedes Benz USA, Inc.*, 874 A.2d 1110, 1121 (N.J. Super. Ct. App. Div. 2005), *N.J. Citizen Action v. Schering-Plough Corp.*, 842 A.2d 174, 178 (N.J. Super. Ct. App. Div. 2003). |
| SCIENTER | **Defendant's intent is not an element, liability for affirmative misrepresentations requires no knowledge of the falsity of the misrepresentation, negligence, or the intent to deceive, for omissions, must show knowledge and intent.** |
| | *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 365 (N.J. 1997), *Theidmann v. Mercedees Benz USA, Inc.*, 872 A.2d 783, 791 (N.J. 2005), *D'Ercole Sales v. Fruehauf Corp.*, 501 A.2d 990, 996-97 (N.J. Super. Ct. App. Div. 1985). |
| DAMAGES & REMEDIES | **No punitive damages, but treble damages are mandatory once plaintiff proves an unlawful practice under the Act and resulting ascertainable loss, injunctive relief available.** |
| | N.J. Stat. Ann. § 56:8-19(a) (West 2009), *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 465 (N.J. 1994). |

| NEW MEXICO<br>*Unfair Trade Practices*<br>N.M. STAT. ANN. §§ 57-12-1 *et seq.* | |
|---|---|
| RELIANCE OR PROXIMATE CAUSATION | **Any person who suffers a loss of money or property "as a result of" unlawful acts may bring an action.**<br>N.M. STATE. ANN. § 57-12-10(b) (West 2009).<br><br>**Plaintiff must show defendant's violation proximately caused plaintiff's damages.**<br>*Stevenson v. Louis Dreyfus Corp.*, 811 P. 2d 1308, 1311 (N.M. 1991). |
| SCIENTER | **Act does not have to be intentionally made, but defendant must know that representation is false or in exercise of reasonable diligence should have known that representation is false.**<br>N.M. STATE. ANN. § 57-12-2(D) (West 2009), *Taylor v. United Mgmt. Inc.*, 51 F. Supp. 2d 1212, 1216 (D.N.M. 1999), *Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1311 (N.M. 1991). |
| DAMAGES & REMEDIES | **Treble damages may be awarded for willful conduct.**<br>N.M. STATE. ANN. § 57-12-10(b) (West 2009).<br><br>**An injunction may be granted.**<br>N.M. STATE. ANN. § 57-12-10(a) (West 2009).<br><br>**Punitive damages may be awarded if willful act, conduct or practice occurred.**<br>N.M. STATE. ANN. § 57-12-10(b) (West 2009). |
| NEW YORK<br>*Consumer Protection from Deceptive Acts and Practices*<br>N.Y. GEN. BUS. LAW §§ 349 to 350-f-1 | |
| RELIANCE OR PROXIMATE CAUSATION | **"Whether a representation or omission, the deceptive practice must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances'."**<br>*Stuntman v. Chem. Bank*, 731 N.E.2d 608, 611-12 (N.Y. Ct. App. 2000), citing (*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (1995)). |
| SCIENTER | **Intent to defraud is not an element of a claim under the Act.**<br>*Stuntman v. Chem. Bank*, 731 N.E.2d 608, 612 (N.Y. Ct. App. 2000). |

| DAMAGES & REMEDIES | **Treble damages may be awarded for willful or knowing violations.**<br>N.Y. GEN. BUS. LAW § 349(h) (2009), *Teller v. Hayes*, 213 A.D.2d 141, 147, (N.Y. App. Div. 1995).<br><br>**Class recovery limited to actual damages and injunctive relief.**<br>*Super Glue Corp. v. Avis Rent A Car Sys. Inc.*, 132 A.D.2d 604, 606 (N.Y. App. Div. 1987). |
|---|---|

**NORTH CAROLINA**
*Monopolies, Trusts and Consumer Protection*
**N.C. GEN. STAT. §§ 75-1 *et seq.***

| RELIANCE OR PROXIMATE CAUSATION | **Defendant's misrepresentations must have "proximately caused actual injury to plaintiff."**<br>*Wilson v. Blue Ridge Elec. Membership Corp.*, 578 S.E.2d 692, 694 (N.C. Ct. App. 2003).<br><br>**"Substantial cause" test applies to determine proximate cause.**<br>*Amer. Rockwool, Inc. v. Owens-Corning Fiberglas Corp.*, 640 F. Supp. 1411, 1444 (E.D. N.C. 1986).<br><br>**It is unclear whether reliance is required.**<br>*Cullen v. Valley Forge Life Ins. Co.*, 161 N.C. App. 570, 580 (N.C. Ct. App. 2003) (indicating that proof of reliance is not required), *Tucker v. Boulevard at Piper Glen, LLC*, 564 S.E.2d 248, 251 (N.C. Ct. App. 2002) (stating that requirement for proximate causation includes "'actual reliance' on the alleged misrepresentation"). |
|---|---|
| SCIENTER | **"That defendants may have made these misrepresentations negligently and in good faith, in ignorance of their falsity, and without intent to mislead, affords no defense to an action under [the Act]."**<br>*Forbes v. Par Ten Group, Inc.*, 394 S.E.2d 643, 651 (N.C. Ct. App. 1990).<br><br>**No particular scienter requirements exist.**<br>*Excel Staffing Serv., Inc. v. HP Reidsville Inc.*, 616 S.E.2d 349, 355 (N.C. Ct. App. 2005), *Stetser v. TAP Pharm. Products, Inc.*, 598 S.E.2d 570, 584 (N.C. Ct. App. 2004). |

21

| DAMAGES & REMEDIES | **Treble damages are mandatory.** N.C. GEN. STAT. § 75-16 (2009), *Stetser v. TAP Pharm. Products, Inc.*, 598 S.E.2d 570, 584 (N.C. Ct. App. 2004), *Standing v. Midgett*, 850 F. Supp. 396, 402 (E.D.N.C. 1993). **Punitive damages may be awarded to punish knowing violations of this Act.** N.C. GEN. STAT. § 75-15.2(a) (2009) (non-substantive amendment to legislation is pending). |
|---|---|
| **NORTH DAKOTA** *Unfair Trade Practices Law* **N.D. CENT. CODE §§ 51-10-01 et seq.** | |
| RELIANCE OR PROXIMATE CAUSATION | **A seller's unlawful actions must proximately cause the plaintiff's injury.** N.D. CENT. CODE § 51-10-03 (2008). |
| SCIENTER | **A seller who makes or attempts to make an unlawful sale must act with scienter to be held liable.** N.D. CENT. CODE § 51-10-03 (2008). |
| DAMAGES & REMEDIES | **A plaintiff is entitled to injunctive relief.** N.D. CENT. CODE § 51-10-06 (2008). |
| **OHIO** *Ohio Consumer Sales Practices Act* **OHIO REV. CODE ANN. §§ 1345.01 et seq.** | |
| RELIANCE OR PROXIMATE CAUSATION | **A deceptive act or practice need only be "in connection with" a consumer transaction.** OHIO REV. CODE ANN. § 1345.02(a) (West 2009). |
| SCIENTER | **"Intent to deceive is not an element required for a violation of the deceptive-practices portion of the act."** *Rose v. Zaring Homes Inc.*, 702 N.E. 2d 952, 956 (Ohio Ct. App. 1997), *Walker v. Dominion Homes, Inc.*, 842 N.E.2d 570, 579 (Ohio Ct. App. 2005). |
| DAMAGES & REMEDIES | **An injunction may be granted against an unlawful practice or act.** OHIO REV. CODE ANN. § 1345.09(D) (West 2009). **Treble damages may be awarded if a defendant has a pattern of violations.** OHIO REV. CODE ANN. § 1345.09(B) (West 2009), *Perkins v. Stapleton Buick-GMC Truck, Inc.*, No. 2001 CA 10, 2001 WL 669565, at *4 |

| | (Ohio Ct. App. June 15, 2001). |
|---|---|
| **OKLAHOMA** *Consumer Protection Act* OKLA. STAT. ANN. tit. 15, §§ 751 *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **The challenged practice must have caused the plaintiff's injuries.** OKLA. STAT. tit. 15, § 753 (West 2009) (non substantive amendment to legislation is pending), *Patterson v. Beall*, 19 P.3d 839, 846-47 (Okla. 2000) (noting consumer must have suffered an injury in fact caused by the challenged practice). |
| SCIENTER | **Whether knowledge is required depends on the particular provision alleged to have been violated.** *Patterson v. Beall*, 19 P. 3d 839, 847 n. 12 (Okla. 2000), *see* OKLA. STAT. tit. 15, §§ 752 (13-14) (West 2009), OKLA. STAT. tit. 15, §§ 753 (2-5) (West 2009) (non substantive amendment to legislation is pending), OKLA. STAT. tit. 15, § 761.1 (West 2009) (proposed legislation may change reliance standards). |
| DAMAGES & REMEDIES | **Punitive damages may be awarded to punish willful conduct.** OKLA. STAT. tit. 15, § 761.1(B) (West 2009) (non-substantive changes to this legislation are pending). |
| **OREGON** *Unlawful Trade Practices Act* OR. REV. STAT. §§ 646.605 *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **Ascertainable loss must be "as a result of willful use or employment" of unlawful "method, act, or practice."** OR. REV. STAT. § 646.638(1) (West 2009). **Plaintiff must have "relief in fact" on an affirmative misrepresentation.** *Feitler v. Animation Celection, Inc.*, 13 P.3d 1044, 1050 (Or. Ct. App. 2000). **Reliance is not necessary for omissions.** *Sanders v. Francis*, 561 P.2d 1003, 1006 (Or. 1977). |
| SCIENTER | **While scienter is not required to establish a violation of the UTPA, a plaintiff must prove "willful use" of an unlawful practice to recover damages.** |

| | OR. REV. STAT. § 646.638(1) (West 2009), *Raudebaugh v. Action Pest Control Inc.*, 650 P.2d 1006, 1009 (Or. Ct. App. 1982), *Rathgeber v. James Hemenway, Inc.*, 69 P.3d 710, 715 (Or. 2003). |
|---|---|
| DAMAGES & REMEDIES | **Discretionary punitive damages may be award if the jury finds deterrence is necessary and proper.** OR. REV. STAT. § 646.638(1) (West 2009), *Crooks v. Pay Less Drug Stores Northwest Inc.*, 592 P.2d 196, 200 (Or. 1979). |

| **PENNSYLVANIA** *Unfair Competition, Acts or Practices* **73 PA. CONS. STAT. §§ 201-1 *et seq.*** | |
|---|---|
| RELIANCE OR PROXIMATE CAUSATION | **Reliance may be required.** *Jefferies v. Ameriquest Mortg. Co.*, 543 F. Supp. 2d 368, 389 (E.D. Pa. 2008). **Every plaintiff must show "justifiable reliance" to the same degree necessary to demonstrate common law fraud.** *Toy v. Metro Life Ins. Co.*, 863 A.2d 1, 11 (Pa. Super. Ct. 2004), *Weinberg v. Sun Co. Inc.*, 777 A.2d 442, 444-46 (Pa. 2001), *DiLucido v. Terminix Int'l Inc.*, 676 A.2d 1237, 1241 (Pa. Super. Ct. 1996). **Causal connection between unlawful practices and damages is required.** 73 PA. CONS. STAT. § 201-9.2 (West 2009). |
| SCIENTER | **Plaintiff must show all elements of common law fraud, including scienter.** *Debbs v. Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super. Ct. 2002), *Prime Meats, Inc. v. Yochim*, 619 A.2d 769, 773 (Pa. Super. Ct. 1993). |
| DAMAGES & REMEDIES | **Actual damages or $100, whichever is greater, treble damages, and attorney's fees may be granted.** 73 PA. CONS. STAT. § 201-9.2 (West 2009). **It is unclear whether punitive damages are recoverable.** *Aronson v. Creditrust Corp.*, 7 F. Supp. 2d 589, 594 (W.D. Pa. 1998) (allowing the court discretionary authority to award punitive |

| | damages if "necessary and proper"), *McCauslin v. Reliance Fin. Co.*, 751 A.2d 683, 685 (Pa. Super. Ct. 2000) (noting that the court may not award punitive damages), |
|---|---|
| **RHODE ISLAND**<br>*Unfair Trade Practices & Consumer Protection Act*<br>**R.I. GEN. LAWS §§ 6-13.1-1 *et seq.*** | |
| RELIANCE OR PROXIMATE CAUSATION | **Ascertainable loss must be "as a result of the use or employment … of a method, act or practice declared unlawful."**<br>R.I. GEN. LAWS § 6-13.1-5.2(a) (2008). |
| SCIENTER | **Scienter is not required.**<br>R.I. GEN. LAWS § 6-13.1-2 (2008), *Whouley v. Shoreham, Inc.*, No. 08-4115, 2009 WL 762315, slip op. at 5-6 (D. R.I. 2009). |
| DAMAGES & REMEDIES | **Actual damages or $200, whichever is greater, punitive damages, and attorneys fees may be awarded.**<br>R.I. GEN. LAWS §§ 6-13.1-5.2(a), (d) (2008), *Park v. Ford Motor Co.*, 844 A.2d 687, 691-92 (R.I. 2004)<br><br>**The attorney general may request an injunction to stop an unlawful act, method or practice.**<br>R.I. GEN. LAWS § 6-13.1-5 (2008). |
| **SOUTH CAROLINA**<br>*Unfair Trade Practices Act*<br>**S.C. CODE ANN. §§ 39-5-10 *et seq.*** | |
| RELIANCE OR PROXIMATE CAUSATION | **Ascertainable loss must be "as a result of the use or employment … of an unfair or deceptive method, act or practice."**<br>S.C. CODE ANN. § 39-5-140(1) (2008), *Inman v. Ken Hyatt Chrysler Plymouth, Inc.*, 363 S.E.2d 691, 692 (S.C. 1988) (requiring merely "capacity to do so"). |
| SCIENTER | **Scienter is not required to recover actual damages, but scienter is required to recover treble damages.**<br>*Haley Nursery Co. v. Forrest*, 381 S.E.2d 906, 909 (S.C. 1989), *Inman v. Ken Hyatt Chrysler Plymouth, Inc.*, 363 S.E.2d 691, 692 (S.C. 1988) (noting that intent to deceive is not required under South Carolina Code section 39-5-20). |
| DAMAGES & REMEDIES | **No class actions, only private actions allowed. Discretionary treble damages are** |

APPENDIX OF STATE LAW VARIATIONS ISO OPPOSITION

| | available for willful violations.<br>S.C. CODE ANN. § 39-5-140(a) (2008), *Payne v. Holiday Towers, Inc.*, 321 S.E.2d 179, 182 (S.C. Ct. App. 1981).<br><br>**Punitive damages are not permitted.**<br>*Tousley v. N. Am. Van Lines, Inc.*, 752 F.2d 96, 99 (4th Cir. 1985) (reversing lower court's award of punitive damages under the Unfair Trade Practices Act). |
|---|---|
| **SOUTH DAKOTA**<br>*Deceptive Trade Practices and Consumer Protection Act*<br>**S.D. CODIFIED LAWS §§ 37-24-1 *et seq.*** | |
| RELIANCE OR PROXIMATE CAUSATION | **No reliance is required**.<br>S.D. CODIFIED LAWS § 37-24-6(1) (2009) (stating that a deceptive act can occur "regardless of whether any person has in fact been mislead, deceived or damaged"). |
| SCIENTER | **Scienter is required to prove a deceptive act or practice.**<br>S.D. CODIFIED LAWS § 37-24-6(1) (2009). |
| DAMAGES & REMEDIES | **The attorney general can request an injunction to stop an unlawful act or practice.**<br>S.D. CODIFIED LAWS § 37-24-23 (2009).<br><br>**Punitive damages may be awarded for willful or intentional acts.**<br>S.D. CODIFIED LAWS § 37-24-23 (2009). |
| **TENNESSEE**<br>*Consumer Protection Act*<br>**TENN. CODE ANN. §§ 47-18-101 *et seq.*** | |
| RELIANCE OR PROXIMATE CAUSATION | **Plaintiff must prove that deceptive act or conduct caused plaintiff to enter into the transaction.**<br>TENN. CODE ANN. § 47-18-109(a)(1) (West 2009).<br><br>**No reliance is needed, but proximate causation must exist.**<br>*Harvey v. Ford Motor Credit Co.*, 8 S.W.3d 273, 275 (Tenn. Ct. App. 1999). |
| SCIENTER | **Unfair or deceptive act does not "[need to] be willful or knowingly" to recover actual damages.**<br>*Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W.2d 9, 12 (Tenn. Ct. App. 1992). |

| | |
|---|---|
| | A showing of scienter is necessary to obtain treble damages.  This knowledge can be inferred based upon a reasonable person standard.<br>*Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W.2d 9, 12 (Tenn. Ct. App. 1992). |
| DAMAGES & REMEDIES | Punitive damages are not available.<br>*Paty v. Herb Adox Chevrolet Co.*, 756 S.W.2d 697, 699 (Tenn. Ct. App. 1988), *Lorentz v. Dearden*, 834 S.W.2d 316, 320 (Tenn. Ct. App. 1992).<br><br>Treble damages may be awarded for "willful or knowing" violations.<br>TENN. CODE. ANN. §§ 47-18-109(a)(1), (3) (West 2009), *Brungard v. Caprice Records, Inc.*, 608 S.W.2d 585, 591 (Tenn. Ct. App. 1980). |

|  |
|---|
| **TEXAS**<br>*Deceptive Trade Practices Act*<br>TEX. BUS. & COMM. CODE §§ 1741 *et seq.* |

| | |
|---|---|
| RELIANCE OR PROXIMATE CAUSATION | An act or practice must be "producing cause" of damages and "relied on by a consumer to the consumer's detriment."<br><br>TEX. BUS. & COM. CODE § 17.50(a) (Vernon 2009), *Morgan Bldgs. and Spas, Inc. v. Humane Society of Southeast Texas*, 249 S.W.3d 480, 490 (Tex. Ct. App. 2008). |
| SCIENTER | Scienter is required.<br>*Blue Star Operating Co. v. Tetra Techs., Inc.*, 119 S.W.3d 916, 921 (Tex. Ct. App. 2003) (noting that "'knowing' conduct requires actual awareness by the defendant"), *but see Smith v. Herco, Inc.*, 900 S.W.2d 852, 859 (Tex. Ct. App. 1995) (asserting that intent is not required unless specific provision in the DTPA requires it).<br><br>For treble damages to be awarded, the defendant's actions must have been intentional.<br>TEX. BUS. & COM. CODE § 17.50(b) (Vernon 2009). |
| DAMAGES & REMEDIES | Treble damages may be awarded. |

APPENDIX OF STATE LAW VARIATIONS ISO OPPOSITION

| | TEX. BUS. & COM. CODE § 17.50(b)(1) (Vernon 2009). |
|---|---|
| | **Punitive damages may be awarded, but no more than three times the amount for actual damages.**<br>TEX. BUS. & COM. CODE § 17.50(a) (Vernon 2009), *see Houston Livestock Show and Rodeo, Inc. v. Hamrick*, 125 S.W.3d 555, 584 (Tex. Ct. App. 2003). |
| | **Injunctive relief may be available.**<br>*David McDavid Pontiac, Inc. v. Nix*, 681 S.W.2d 831 (Tex. Ct. App. 1984), *writ refused n.r.e.* (July 3, 1985) (construing Tex. Bus. & Com. Code section 17.50(b)(2)). |

| UTAH | |
|---|---|
| *Consumer Sales Practices Act* | |
| UTAH CODE ANN. §§ 13-11-1 *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **Plaintiff must suffer a loss as a result of a violation of the Act.**<br>UTAH CODE ANN. §13-11-19(2) (West 2009). |
| SCIENTER | **Knowledge or intent to commit a deceptive act or practice is required.**<br>UTAH CODE ANN. § 13-11-4(2) (West 2009), *Rawson v. Conover*,  20 P.3d 876, 883 (Utah 2001). |
| DAMAGES & REMEDIES | **Injunctive relief may be granted.**<br>UTAH CODE ANN. § 13-11-17.5 (West 2009).<br><br>**Treble damages are not recoverable.**<br>UTAH CODE ANN. § 13-11-19 (West 2009). |

| VERMONT | |
|---|---|
| *Consumer Fraud Act* | |
| VT. STAT. ANN. tit. 9, §§ 2453 *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **A cause of action is available to a consumer who "contracts for goods or services in reliance upon false or fraudulent representations … or who sustains damages or injury as a result of any false or fraudulent representations."**<br>VT. STAT. ANN. tit. 9, § 2461(b) (2009).<br><br>**Actual reliance is not required, but the unlawful act or conduct only needs to be capable of misleading a consumer.**<br>*Jordan v. Nissan N. Am. Inc.*, 176 Vt. 465, 469- |

| | |
|---|---|
| | 70 (Vt. 2004). |
| SCIENTER | **Intent or bad faith are not required.** *Winton v. Johnson & Dix Fuel Corp.*, 515 A.2d 371, 376 (Vt. 1986), *Poulin v. Ford Motor Co.*, 147 Vt. 120, 124-25 (Vt. 1986), *Jordan v. Nissan N. Am. Inc.*, 853 A.2d 40, 43 (Vt. 2004).<br><br>**If defendant knows or should know that omission is important, materiality is presumed.** *Carter v. Gagliuzzi*, 716 A.2d 17, 23-24 (Vt. 1998) |
| DAMAGES & REMEDIES | **Treble damages and injunctive relief may be available.** VT. STAT. ANN. tit. 9, § 2461(b) (2009).<br><br>**Punitive damages may be recoverable.** VT. STAT. ANN. tit. 9, § 2461 (2009). |
| **VIRGINIA**<br>*Consumer Protection Act*<br>VA. CODE ANN. §§ 59-1-195 *et seq.* | |
| RELIANCE OR PROXIMATE CAUSATION | **"Loss as a result of a violation" of the Act is required.** VA. CODE ANN. § 59.1-204 (West 2009), *Polk v. Crown Auto. Inc.*, 228 F.3d 541, 543 (4th Cir. 2000), *Alston v. Crown Auto, Inc.*, 224 F.3d 332, 336 (4th Cir. 2000).<br><br>**Reliance element of common law fraud claim is necessary to state a claim.** *Cooper v. GGGR Investments, LLC*, 334 B.R. 179, 188 (E.D. Va. 2005). |
| SCIENTER | **Intent requirement of common law fraud applies.** *Cooper v. GGGR Investments, LLC*, 334 B.R. 179, 188 (E.D. Va. 2005).<br><br>**Misrepresentation by omission of a material fact requires evidence of "knowing or deliberate decision" to conceal the fact.** *Lambert v. Downtown Garage, Inc.*, 553 S.E.2d 714, 718 (Va. 2001). |
| DAMAGES & REMEDIES | **Private actions are allowed, but no class actions are allowed. Greater of actual damages or $500 reasonable attorney's fees and costs may be awarded, if the violation is** |

29

| | willful, then discretionary treble damages or $1,000, whichever is greater, will be awarded. |
| | VA. CODE ANN. §§ 59.1-204(A-B) (West 2009). |

| **WASHINGTON** |
| *Unfair Business Practices-Consumer Protection Act* |
| WASH. REV. CODE ANN. §§ 19.86.010 *et seq.* |

| RELIANCE OR PROXIMATE CAUSATION | **A "causal link" must exist "between the unfair or deceptive act and the injury suffered."** *Picket v. Holland Am. Line-Westours, Inc.*, 35 P.3d 351, 360 (Wash. 2001), *Leingang v. Pierce County Med. Bureau, Inc.*, 930 P.2d 288, 296 (Wash. 1997). |
| | **A plaintiff establishes causation by showing that he or she "relied upon a misrepresentation of fact."** *Robinson v. Avis Rent A Car Sys. Inc.*, 22 P.3d 818, 823 (Wash. Ct. App. 2001). |
| | **Other cases indicate that a plaintiff need not prove reliance to establish an unfair trade practice.** *State v. A.N.W. Seed Corp.*, 802 P.2d 1353, 1359 (Wash. Super. Ct. 1991), *Washington v. Williams' North West Chrysler Plymouth, Inc.*, 553 P.2d 423, 436-37 (Wash. 1976), *Testo v. Russ Dunmire Oldsmobile Inc.*, 554 P.2d 349, 358 (Wash. Ct. App. 1976), *Tallmadge v. Aurora Chrysler Plymouth, Inc.*, 605 P.2d 1275, 1277 (Wash. App. 1979). |
| SCIENTER | **"For the conduct to be unfair or deceptive does not require that the intent be shown if the action has the capacity to deceive a substantial portion of the purchasing purlic."** *Haner v. Quincy Farms Chems. Inc.*, 649 P.2d 828, 831 (Wash. 1982), *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986). |
| DAMAGES & REMEDIES | **Treble damages, injunctive relief may be obtained.** Wash. Rev. Code Ann. § 19.86.090 (West |

| | |
|---|---|
| | 2009). |
| **WEST VIRGINIA** | |
| *Consumer Protection Act* | |
| **W. VA. CODE R. §§ 46A-6-101 *et seq.*** | |
| RELIANCE OR PROXIMATE CAUSATION | **Reliance is not required, but proximate causation is required.**<br>W. VA. CODE R. § 46A-6-106 (2009) (stating "any person who purchases … [and] suffers any ascertainable loss of money or property … can bring an action [regarding a deceptive act or practice] … whether or not any person has in fact been misled, deceived or damaged"). |
| SCIENTER | **Scienter is required.**<br>W. VA. CODE R. § 46A-6-102(M) (2009). |
| DAMAGES & REMEDIES | **Injunctive relief may be granted.**<br>W. VA. CODE R. § 46A-6-106(a) (2009).<br><br>**Treble damages are not recoverable.**<br>*Bostic v. Mallard Coach Co.*, 406 S.E.2d 725, 730-31 (W. Va. 1991) (construing W. VA CODE R. § 46A-6A-4 (2009).<br><br>**Punitive damages may be recoverable.**<br>*Poling v. Motorists Mut. Ins. Co.*, 450 S.E.2d 635, 637 (W. Va. 1994). |
| **WISCONSIN** | |
| *Deceptive Trade Practices Act* | |
| **WIS. STAT. ANN. §§ 100.01 *et seq.*** | |
| RELIANCE OR PROXIMATE CAUSATION | **Pecuniary loss must result from a violation of section 100.18.**<br>WIS. STAT. ANN. § 100.18(11)(b)(2) (West 2009).<br><br>**Plaintiffs must "show a causal connection between the defendants' alleged conduct and any pecuniary loss suffered."**<br>*Valente v. Sofamor, S.N.C.*, 48 F. Supp. 2d 862, 874 (E.D. Wis. 1999).<br><br>**It is unclear whether reliance is required.**<br>*Valente v. Sofamor, S.N.C.*, 48 F. Supp. 2d 862, 874 (E.D. Wis. 1999) (noting that plaintiffs do not need to show reliance), *Novell v. Migliaccio*, 749 N.W.2d 544, 550 (Wis. 2008) (asserting that reliance is not required). |
| SCIENTER | **Certain acts or omissions must be made with knowledge that the act or omissions was** |

| | false. |
| --- | --- |
| | WIS. STAT. ANN. § 100.18(1) (West 2009), *Ricco v. Riva*, 699 N.W.2d 193, 201-03 (Wis. Ct. App. 2003). |
| | **"[P]laintiffs must show that the defendants intentionally induced the … purchase … by [a] representation containing any assertion, representation or statement or act which was untrue, deceptive, or misleading."** |
| | *Valente v. Sofamor, S.N.C.*, 48 F. Supp. 2d 862, 874 (E.D. Wis. 1999). |
| DAMAGES & REMEDIES | **Discretionary doubling of pecuniary damages is allowed.** |
| | WIS. STAT. ANN. § 100.20(5) (West 2009). |

| **WYOMING** |
| --- |
| *Consumer Protection Act* |
| **WYO. STAT. ANN. §§ 40-12-101 *et seq.*** |

| RELIANCE OR PROXIMATE CAUSATION | **Reliance required.** |
| --- | --- |
| | WYO. STAT. ANN. § 40-12-108(a) (2009), *Big-O Tires, Inc. v. Santini*, 838 P.2d 1169, 1177 (Wyo. 1992). |
| SCIENTER | **Defendant must act "knowingly."** |
| | WYO. STAT. ANN. § 40-12-105 (2009), *Big-O Tires, Inc. v. Santini*, 838 P.2d 1169, 1177 (Wyo. 1992). |
| DAMAGES & REMEDIES | **Defendants liable for a civil penalty of not more than $10,000 for each violation.** |
| | WYO. STAT. ANN. § 40-12-113(c) (2009). |
| | **Injunction available.** |
| | WYO. STAT. ANN. § 40-12-106 (2009). |

| **II.    STATES THAT RECOGNIZE CLAIMS FOR UNJUST ENRICHMENT** |
| --- |

| Alabama | *Mitchell v. H&R Block*, 783 So.2d 812, 817 (Ala. 2000) ("[T]he essence of the theories of unjust enrichment . . . is that a plaintiff can prove facts showing that defendant holds money which, in equity and good conscience, belongs to plaintiff or holds money which was improperly paid to defendant because |
| --- | --- |

| | | |
|---|---|---|
| | | of mistake or fraud"); *but see White v. Microsoft Corp.*, 454 F. Supp. 2d 1118, 1134 n.25 (S.D. Ala. 2006) (explaining that the Alabama Supreme Court does not certify class actions where the named plaintiffs have asserted a claim for unjust enrichment). |
| | Alaska | *Bennet v. Artus*, 20 P.3d 560, 563 (Alaska 2001) ("Under our law of unjust enrichment, . . . the party seeking the credit . . . had the burden of showing that (1) he conferred a benefit upon [the defendant]; (2) [the defendant] appreciated the benefit; and (3) [the defendant] accepted and retained the benefit under circumstances making it inequitable for her to retain the benefit without paying [the plaintiff] the value thereof."). |
| | Arizona | *Lemon v. Harlem Globetrotters Intern., Inc.*, 437 F. Supp. 2d 1089, 1107 (D.Ariz. 2006) ("To prevail on an unjust enrichment claim, a plaintiff must show: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) the absence of justification for the enrichment and the impoverishment, and (5) the absence of a legal remedy."). |
| | Arkansas | *Hatchell v. Wren*, 363 Ark. 107, 117, 211 S.W.3d 516, 522 (Ark. 2005) ("[A]n action based on unjust enrichment is maintainable where a person has received money or its equivalent under such circumstances that, in equity and good conscience, he or she ought not to retain."). |
| | Colorado | *Cablevision of Breckenridge, Inc. v. Tannhauser Condominium Ass'n*, 649 P.2d 1093, 1096-97 (Colo., 1982) (listing elements for unjust enrichment claim as ("(1) a benefit was conferred on the defendant by the plaintiff; (2) the benefit was appreciated by the defendant; and (3) the benefit was accepted by the defendant under such circumstances that retaining the benefit without paying its value would be inequitable"). |
| | Connecticut | *Marlin Broadcasting, LLC v. Law Office of Ken Avery, LLC*, 101 Conn.App. 638, 648-49, 922 A.2d 1131, 1139 (Conn. Ct. App. 2007) ("A plaintiff seeking recovery for unjust enrichment must prove "(1) that the defendants were benefited, (2) that the defendants unjustly did not pay the [plaintiff] for the benefits, and 3) that the failure of payment was to the [plaintiff's] detriment."). |
| | Delaware | *LaSalle Nat'l Bank v. Perelman*, 82 F.Supp.2d 279, 294-95 (D. Del. 2000) ("The elements of unjust enrichment are: 1) an enrichment, 2) an impoverishment, 3) a relation between the enrichment and the impoverishment, 4) the absence of justification and 5) the absence of a remedy provided by law."). |
| | Florida | *Prohias v. Pfizer, Inc.*, 490 F.Supp.2d 1228, 1235-36 (S.D.Fla. 2007) (listing the elements of unjust enrichment as "(1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted |

| | |
|---|---|
| | and retained the benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying for it."). |
| Georgia | *Zampatti v. Tradebank Int'l.*, 235 Ga. App. 333, 340, 508 S.E.2d 750, 757 (Ga. Ct. App. 1998) (explaining that "[t]he theory of unjust enrichment applies when as a matter of fact there is no legal contract . . . , but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for."). |
| Hawaii | *Television Events & Marketing, Inc. v. Amcon Distributing Co.*, 488 F.Supp.2d 1071, 1078 (D.Haw. 2006) (setting forth the elements of unjust enrichment as (1) the plaintiff conferred a benefit upon the defendant, and "(2) the retention of the benefit was unjust"). |
| Idaho | *Vanderford Co., Inc. v. Knudson*, 144 Idaho 547, 558, 165 P.3d 261, 272 (Idaho 2007) ("A prima facie case of unjust enrichment consists of three elements: (1) there was a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof."). |
| Illinois | *Decaro v. M. Felix, Inc.*, 371 Ill. App. 3d 1103, 1109, 864 N.E.2d 890, 897 (Il. App. Ct. 1st Dist. 2007) ("A defendant is unjustly enriched when he retains a benefit to plaintiff's detriment and defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience."). |
| Indiana | *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991) ("To prevail on a claim of unjust enrichment, a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust."). |
| Iowa | *Iowa Waste Systems, Inc. v. Buchanan County*, 617 N.W.2d 23, 30 (Iowa Ct. App. 2000) ("To recover on the basis of unjust enrichment, [a plaintiff] must show: (1) it conferred a benefit upon the [defendant] to its own detriment, (2) the [defendant] had an appreciation of receiving the benefit, (3) the [defendant] accepted and retained the benefit under circumstances making it inequitable for there to be no return payment for its value, and (4) there is no at-law remedy that can appropriately address the claim."). |
| Kansas | *In re Estate of Sauder*, 283 Kan. 694, 719, 156 P.3d 1204, 1220 (Kan. 2007) ("The theory of unjust enrichment rests upon three elements: (1) a benefit conferred; (2) an appreciation or knowledge of the benefit by the one receiving the benefit; and |

34

| | |
|---|---|
| | (3) the acceptance or retention of the benefit under such circumstances as to make it inequitable to retain the benefit without payment of its value."). |
| Kentucky | *Marcus & Millichap Real Estate Inv. Brokerage Co. v. Skeeters*, 395 F. Supp. 2d 541, 557 (W.D. Ky. 2005) ("To prove an unjust enrichment claim, the [plaintiffs] must show: 1) a benefit conferred upon [the defendant] at the [plaintiffs'] expense; 2) a resulting appreciation of the benefit by [the defendant]; and 3) an inequitable retention of the benefit without payment for its value."). |
| Louisiana | *Moroux v. Toce*, 943 So.2d 1263, 1273 (La. Ct. app. 2005) ("A party seeking to recover pursuant to this theory bears the burden of proving five elements: (1) an enrichment of the defendant; (2) an impoverishment of the plaintiff; (3) causation between the enrichment and the impoverishment; (4) an absence of justification or cause for either the enrichment or the impoverishment; and (5) no other remedy available at law."). |
| Maine | *Platz Assocs. v. Finley*, 973 A.2d 743, 750 (Me. 2009) ("A claim for unjust enrichment requires the complaining party to show that: (1) it conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value." (internal quotation marks omitted). |
| Maryland | *Berry & Gould v. Berry*, 360 Md. 142, 151, 757 A.2d 108, 113 (Md. 2000) ("unjust enrichment [contains] three elements: 1. A benefit conferred upon the defendant by the plaintiff; 2. An appreciation or knowledge by the defendant of the benefit; and 3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.") (internal quotation marks omitted). |
| Massachusetts | *Brandt v. Ward Partners*, 242 F.3d 6, 16 (1st Cir. 2001) (explaining that to recover on a claim for unjust enrichment, a plaintiff must show "a benefit or enrichment was conferred upon the defendant ...; second, the retention of that benefit or enrichment resulted in a detriment to [the plaintiff]; and, third, there are circumstances which make the retention of that benefit . . . unjust"). |
| Michigan | *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 195, 729 N.W.2d 898, 904 (Mich. Ct. App. 2006) ("[I]n order to sustain a claim of quantum meruit or unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant."). |

| Minnesota | *Mon-Ray, Inc. v. Granite Inc.*, 677 N.W.2d 434, 440 (Minn. Ct. App. 2004) ("To establish a claim for unjust enrichment, the claimant must show that another party knowingly received something of value to which he was not entitled and that the circumstances are such that it would be unjust for that person to retain the benefit."). |
|---|---|
| Mississippi | *Franklin v. Franklin*, 858 So.2d 110, 121 (Miss. 2003) ("To collect under an unjust enrichment or quasi-contract theory, the claimant must show "there is no legal contract but . . . the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain, but should deliver to another.") |
| Missouri | *Cridlebaugh v. Putnam County State Bank of Milan*, 192 S.W.3d 540, 543 (Mo. Ct. App. 2006) ("The elements of unjust enrichment are: (a) a benefit conferred by one party on another; (b) appreciation by the receiving party of the fact that what was conferred was a benefit; and (c) acceptance and retention of the benefit that would render that retention inequitable."). |
| Montana | *Ragland v. Sheehan*, 846 P.2d 1000, 1004 (Mont. 1993) ("Unjust enrichment is an equitable doctrine wherein the plaintiff . . . must show some element of misconduct or fault on the part of defendant . . . or that defendant somehow took advantage of plaintiff."). |
| Nebraska | *Kanne v. Visa U.S.A., Inc.*, 272 Neb. 489, 500, 723 N.W.2d 293, 302 (Neb. 2006) ("To recover on [an unjust enrichment] claim, the plaintiff must show that (1) the defendant received money, (2) the defendant retained possession of the money, and (3) the defendant in justice and fairness ought to pay the money to the plaintiff."). |
| Nevada | *Nev. Indus. Dev. V. Benedetti*, 103 Nev. 360, 363 n.2, 741 P.2d 802, 804 n.2 (Nev. 1987) ("Unjust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another"). |
| New Hampshire | *Nat'l Employment Serv. Corp. v. Olsten Staffing Serv., Inc.*, 145 N.H. 158, 163, 761 A.2d 401, 406 (N.H. 2000) ("A plaintiff is entitled to restitution for unjust enrichment if the defendant received a benefit and it would be unconscionable for the defendant to retain that benefit"). |
| New Jersey | *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554, 641 A.2d 519, 526 (N.J. 1994) ("To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust."). |
| New Mexico | *Credit Ins. V. Veterinary Nutrition Corp.*, 133 N.M. 248, 253, 2003 NMCA 10, 21, 62 P.3d 339, 344 (N.M. Ct. App. 2002) ("To prevail on a claim for unjust enrichment, "one must show that: (1) another has been knowingly benefitted at one's expense |

| | |
|---|---|
| | (2) in a manner such that allowance of the other to retain the benefit would be unjust."). |
| New York | *Iwon, Inc. v. Ourhouse, Inc.*, 192 Misc. 2d 1, 5, 744 N.Y.S.2d 791, 794 (N.Y. Sup. Ct. 2001) ("In order to be entitled to recover damages for unjust enrichment, a plaintiff must show that the defendant obtained a benefit that in equity and good conscience he should not have obtained or possessed because it rightfully belongs to another . . . ."). |
| North Carolina | *Progressive Am. Ins. Co. v. State Farm Mut. Auto Ins. Co.*, 184 N.C. App. 688, 695-96, 647 S.E.2d 111, 116 (N.C. Ct. App. 2007) ("In order to establish a claim for unjust enrichment, a party must have conferred a benefit on the other party. The benefit must not have been conferred officiously, that is it must not be conferred by an interference in the affairs of the other party in a manner that is not justified in the circumstances. The benefit must not be gratuitous and it must be measurable. . . . Additionally, the defendant must have consciously accepted the benefit.") (internal citations and quotation marks omitted). |
| North Dakota | *McGhee v. Mergenthal*, 735 N.W.2d 867, 872 (N.D. 2007) ("Five elements must be established to prove unjust enrichment: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of a justification for the enrichment and impoverishment; and (5) an absence of a remedy provided by law."). |
| Ohio | *Hambelton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183, 465 N.E.2d 1298, 1302 (Ohio 1984) (listing the elements for unjust enrichment as "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment"). |
| Oklahoma | *N.C. Corff P'ship, Ltd. v. OXY USA, Inc.*, 1996 OK CIV APP 92, 929 P.2d 288, 295 (Okla. Ct. App. 1996) ("Before a party will be entitled to recover for unjust enrichment, however, there must be enrichment to another coupled with a resulting injustice.") (internal quotation marks omitted). |
| Oregon | *Winters v. County of Clatsop*, 210 Ore. App. 417, 421, 150 P.3d 1104, 1106 (Or. Ct. App.2007) ("It is well-settled that, to establish unjust enrichment, a plaintiff must establish that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant was aware that it had received a benefit; and (3) under the circumstances, it would be unjust for the defendant to retain the benefit without paying for it."). |
| Pennsylvania | *Limbach Co., LLC v. City of Phila.*, 905 A.2d 567, 575 (Pa. Cmwlth. Ct. 2006) ("The elements necessary to prove unjust enrichment have been described as follows: (1) benefits conferred on defendant by plaintiff; (2) appreciation of such |

| | benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. (citations omitted). The application of the doctrine depends on the particular factual circumstances of the case at issue. In determining if the doctrine applies, our focus is not on the intention of the parties, but rather on whether the defendant has been unjustly enriched."). |
|---|---|
| Rhode Island | *APG, Inc. v. MCI Telecomm. Corp.*, 436 F.3d 294, 305 (1st Cir. 2006) ("To establish a claim for unjust enrichment under Rhode Island law, a plaintiff must prove three elements: " '(1) a benefit must be conferred upon the defendant by the plaintiff, (2) there must be appreciation by the defendant of such benefit, and (3) there must be an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof."). |
| South Carolina | *Ellis v. Smith Grading & Paving, Inc.*, 294 S.C. 470, 474, 366 S.E.2d 12, 15 (S.C. Ct. App. 1988) (listing the elements as "(1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by defendant of the benefit under conditions that make it inequitable for him to retain it without paying its value."). |
| South Dakota | *Hofeldt v. Mehling*, 658 N.W.2d 783, 788 (S.D. 2003) ("For [a plaintiff] to prevail on his claim of unjust enrichment, he must show: (1) [the defendant] received a benefit; (2) [the defendant] was aware he was receiving a benefit, and (3) that it is inequitable to allow [the defendant] to retain this benefit without paying for it."). |
| Tennessee | *Bennett v. Visa U.S.A. Inc.*, 198 S.W.3d 747, 755 (Tenn. Ct. App. 2006) ("The elements of an unjust enrichment claim are: 1) a benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of such benefit; and 3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.") (internal quotation marks omitted). |
| Utah | *Hess v. Johnston*, 163 P.3d 747, 754 (Utah Ct. App. 2007) ("Unjust enrichment occurs when a person has and retains money or benefits that in justice and equity belong to another; however, the fact that a person benefits another is not itself sufficient to require the other to make restitution.") (internal quotation marks omitted). |
| Vermont | *Center v. Mad River Corp.*, 151 Vt. 408, 412, 561 A.2d 90, 93 (Vt. 1989) (setting forth the elements of unjust enrichment as "plaintiff must prove that (1) a benefit was conferred on defendant; (2) defendant accepted the benefit; and (3) defendant retained the benefit under such circumstances that it would be inequitable for defendant not to compensate plaintiff for its |

APPENDIX OF STATE LAW VARIATIONS ISO OPPOSITION

| | |
|---|---|
| | value"). |
| Virginia | *Nossen v. Hoy, 750 F. Supp.* 740, 744-45 (E.D. Va. 1990) ("To establish a quasi-contract a plaintiff generally must show three elements: (1) A benefit conferred on the defendant by the plaintiff; (2) Knowledge on the part of the defendant of the conferring of the benefit; and (3) Acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value."). |
| Washington | *Bailie Comms., Ltd. v. Trend Business Sys., Inc.*, 61 Wn. App. 151, 159-60, 810 P.2d 12, 16 (Wash. Ct. App. 1991) (explaining that "quantum meruit, inasmuch as it involves retention of benefits in the form of services received, falls within the unjust enrichment doctrine, unjust enrichment applies to a far broader category of cases" and relying on elements from Black's Law Dictionary, including "A benefit conferred upon the defendant by the plaintiff; an appreciation or knowledge by the defendant of the benefit; and the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value"). |
| West Virginia | *Realmark Devs., Inc. v. Ranson*, 214 W. Va. 161, 164, 588 S.E.2d 150, 153 (W. Va. 2003) (explaining unjust enrichment as "if benefits have been received and retained under such circumstance that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor, the law requires the party receiving the benefits to pay their reasonable value"). |
| Wisconsin | *Staver v. Milwaukee County*, 289 Wis. 2d 675, 687, 712 N.W.2d 387, 393 (Wis. Ct. App. 2006) ("The pertinent law controlling an unjust enrichment claim requires proof of three elements: (1) a benefit that has been conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the benefit; and (3) acceptance and retention by the defendant of the benefit, under circumstances such that it would be inequitable to retain the benefit without payment."). |
| Wyoming | *Union Tel. Co. v. Quest Corp.*, 495 F.3d 1187, 1197 (10th Cir. 2007) ("Under Wyoming law, unjust enrichment, or quantum meruit, is an equitable doctrine that implies a contract so that one party may recover damages from another . . . .  In order to establish this claim, [a plaintiff] must prove that: (1) valuable services were rendered to [the defendant]; (2) these services were accepted, used, and enjoyed by [the defendant]; (3) under circumstances which reasonably notified [the defendant] that [the plaintiff] expected to be paid; and (4) without such payment, [the defendant] would be unjustly enriched."). |

| III. | STATES THAT DO NOT CLEARLY RECOGNIZE CLAIMS FOR UNJUST ENRICHMENT |
|---|---|
| California | California courts are split on whether an independent cause of action for unjust enrichment exists. *See e.g.*, *Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 794 (2003) (stating "there is no cause of action in California for unjust enrichment"); *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1662-63 (stating that "in appropriate circumstances an action for unjust enrichment could be stated" and setting forth the elements as including (1) defendant's receipt of a benefit and (2) defendant's unjust retention of the benefit at the expense of the plaintiff); *see also Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723, 728 (2000) (explaining that a claim for unjust enrichment may call for remedies that are legal in nature). |
| Texas | *Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. Ct. App. Dallas 2006) ("Unjust enrichment is not an independent cause of action but rather characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances which give rise to an implied or quasi-contractual obligation to repay."). |

DATED:  October 12, 2009                DOWNEY BRAND LLP


By:   /s/ William R. Warne
WILLIAM R. WARNE
Attorney for Defendants
LENNOX HEARTH PRODUCTS INC.;
LENNOX INTERNATIONAL INC.,
LENNOX INDUSTRIES INC.