IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK KEILHOLTZ and KOLLEEN KEILHOLTZ, for themselves and on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>LENNOX HEARTH PRODUCTS INC.; LENNOX INTERNATIONAL INC.; LENNOX INDUSTRIES and DOES 1 through 25, Inclusive,<br><br>    Defendants.<br>_____/ | No. C 08-00836 CW<br><br>ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |

Defendants move for reconsideration of the Court's February 16, 2010 Order granting Plaintiffs' motion for class certification. Under Civil L.R. 7-9, a party may ask a court to reconsider an interlocutory order if the party can show:

    (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

    (2) The emergence of new material facts or a change of

1    law occurring after the time of such order; or

2    (3) A manifest failure by the Court to consider material
     facts or dispositive legal arguments which were presented
3    to the Court before such interlocutory order.

Defendants argue that the Court should reconsider its order in light of the recent Ninth Circuit decision <u>Birdsong v. Apple, Inc.</u>, 590 F.3d 955 (9th Cir. 2009), filed on December 30, 2009. Defendants had the opportunity to notify the Court of this decision before the Court issued its order on Plaintiffs' motion for class certification, but did not do so. Although the parties cannot be faulted for not knowing the precise date the Court will file its orders, they should bring to the Court's attention as soon as possible any facts or law that may affect the motion. Because Defendants waited until after the Court filed its order granting Plaintiff's motion for class certification to notify it of a decision published before the filing of the order, Defendants' motion for leave to file a motion for reconsideration does not fall under any of the three categories described above.

Moreover, <u>Birdsong</u> has no effect on the Court's class certification decision. In <u>Birdsong</u>, consumers brought a class action lawsuit under California's Unfair Competition Law against Apple, the manufacturer of a digital audio player, the iPod. The consumers alleged that iPods are defective because of the inherent risk of noise-induced hearing loss users may suffer. The court concluded that the lower court correctly dismissed the plaintiffs' UCL claims for lack of standing. The court analyzed the issue as follows:

2

> The plaintiffs do not claim that they suffered or imminently will suffer hearing loss from their iPod use. The plaintiffs do not even claim that they used their iPods in a way that exposed them to the alleged risk of hearing loss. At most, the plaintiffs plead a potential risk of hearing loss not to themselves, but to other unidentified iPod users who might <u>choose</u> to use their iPods in an unsafe manner. The risk of injury the plaintiffs allege is not concrete and particularized <u>as to themselves</u>.

<u>Birdsong</u>, 590 F.3d at 960 (emphasis in original). The instant case is not about people using Defendants' fireplaces "in an unsafe manner." Rather, it is about using Defendants' fireplaces in any manner at all. Plaintiffs allege that the glass covering Defendants' fireplaces reaches such high temperatures that they are unsafe to operate. As Kolleen Keilholtz noted, she "ceased using [her] Superior fireplace given the hazard it poses," not because of the hazard it <u>may</u> pose. Kolleen Keilholtz Decl. ¶ 6. Moreover, Ms. Keilholtz noted that, if she had known of the high glass surface temperature the fireplace generates during its operation, she would not have paid for, or even allowed, the fireplace to be installed in her home. <u>Id.</u> Thus, Plaintiffs have alleged a sufficient injury in fact to confer standing.

Defendants also argue that a notice sent on December 30, 2009 by the Consumer Product Safety Commission (CPSC) establishes that Plaintiffs lack standing. The CPSC has the power to order product recalls, but the agency stated that it would not take action on the fireplaces at issue. Just as the agency's decision to recall a product would not necessarily establish Plaintiffs' standing, the agency's decision not to recall a product does not establish Plaintiffs' lack of standing.

Accordingly, the Court denies Defendants' motion for leave to

3

1  file a motion for reconsideration.  Docket No. 247.
2       IT IS SO ORDERED.
3  Dated: 06/04/10

CLAUDIA WILKEN
United States District Judge

4