1   Clayeo C. Arnold (SBN 65070)
    Kirk J. Wolden (SBN 138902)
2   kirk@justice4you.com
    Clifford C. Carter (SBN 149621)
3   CLAYEO C. ARNOLD
    A Professional Corporation
4   865 Howe Avenue, Suite 300
    Sacramento, CA  95825
5   Telephone:  (916) 924-3100
    Facsimile:  (916) 924-1829
6
    Ernest Cory (ASB-2279-Y83E)
7   F. Jerome Tapley (ASB-0583-A56T)
    Hirlye R. "Ryan" Lutz, III (ASB-6641-E59L)
8   CORY WATSON CROWDER & DEGARIS, P.C.
    2131 Magnolia Avenue
9   Birmingham, AL 35205
    Telephone: (205) 328-2200
10  Facsimile: (205) 324-7896

11  Michael F. Ram (SBN 104805)
    mram@ramolson.com
12  RAM & OLSON LLP
    555 Montgomery Street, Suite 820
13  San Francisco, California  94111
    Telephone:  (415) 433-4949
14  Facsimile:  (415) 433-7311

15  Attorneys for the Plaintiff Class

16

17                         UNITED STATES DISTRICT COURT

18                        NORTHERN DISTRICT OF CALIFORNIA

19                               (OAKLAND DIVISION)

20

21  KIRK KEILHOLTZ and KOLLEEN              NO.  4:08-CV-00836-CW (JCS)
    KEILHOLTZ for themselves and on behalf
    of those similarly situated,
22                                           ORDER (1) CERTIFYING CLASS; (2)
                                             GRANTING PRELIMINARY
23          Plaintiffs,                      APPROVAL; (3) PROVIDING FOR
                                             NOTICE; AND (4) SETTING SCHEDULE
    v.                                       FOR FINAL APPROVAL
24
    LENNOX INDUSTRIES INC.; LENNOX
25  HEARTH PRODUCTS INC.; LENNOX
    INTERNATIONAL INC., and DOES 1
26  through 25, inclusive,

27          Defendants.

28

ORDER GRANTING PRELIMINARY APPROVAL, etc.                    - PAGE 1

Dallas 315632v2

WHEREAS, the Plaintiffs have made application, pursuant to Federal Rule of Civil Procedure 23, for an order (the "Preliminary Approval Order") to (i) certify the Settlement Class; (ii) preliminarily approve the Settlement of the Federal Action, in accordance with the Stipulation and Agreement of Settlement dated as of November 12, 2010   (collectively, including the Exhibits, the "Settlement Agreement"); (iii) approve notice for dissemination to the members of the Settlement Class; and (iv) set a schedule for determination of whether the proposed Settlement should be finally approved, resulting in the dismissal with prejudice of the Federal Actions and the State Action (collectively, the "Actions").

WHEREAS, this Preliminary Approval Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms contained in this Preliminary Approval Order shall have the same meanings as set forth in the Settlement Agreement (in addition to those capitalized terms defined in this order); and

WHEREAS, the Court having considered the papers filed in support of the Agreed Motion for Preliminary Approval of Settlement, including without limitation, the Settlement Agreement, and having reviewed the evidence, including without limitation the declarations submitted, and having heard the arguments at the preliminary approval hearing:

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     The Court has subject matter jurisdiction over the Federal Action, including all matters necessary to effectuate the Settlement, pursuant to 28 U.S.C. §1332(d).

2.     In order to effectuate the Settlement, the Court hereby modifies the Court's prior class certification order dated February 16, 2010, which order shall be replaced and superseded entirely by this Preliminary Approval Order.

3.     The Court preliminarily certifies, for settlement purposes only, the following Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, as defined in

this paragraph 3 (a)-(e).  The following Settlement Class shall be the only certified class in this Federal Action and the definition of the Class in the Court's prior class certification order dated February 16, 2010 is hereby rendered inoperative.

a)      All consumers who are residents of the United States and who own homes or other residential dwellings in which one or more Superior or Lennox brand single-pane sealed glass front gas fireplaces have been installed since February 6, 2004, through the date the Court preliminarily approves the Settlement; and

b)      All consumers who are residents of California and own homes or other residential dwellings in which one or more Superior brand single-pane glass sealed front gas fireplaces have been installed between March 1, 2003 and February 5, 2004.

c)      The Settlement Class is hereby closed as of the date of this Preliminary Approval Order.

d)      For purposes of the Settlement Class definition, "consumer" means an individual who bought his or her home or fireplace for personal, family or household purposes.

e)      Excluded from this class are: (1) the judge to whom this case is assigned and any member of the judge's immediate family; (2) the lawyers in this case and any member of their immediate families; (3) the Mediator (the Honorable Edward Infante) and any member of his immediate family; and (4) anyone who suffered personal injury related to the Defendants' fireplaces.

4.      The Court appoints the following Plaintiffs to serve as representative of the Settlement Class ("Class Representative"):  Kirk Keilholtz; Kolleen Keilholtz; Anissa Nelson-Fields; Jerry Fields; Rich Perry; and, Donna Perry.  The Court appoints the following lawyers to serve as counsel for the Settlement Class ("Class Counsel"):  Kirk Wolden; Michael Ram; and, Jerome Tapley.

5.      Solely for the purposes of effectuating the Settlement, with respect to the Settlement Class and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court further preliminary finds and concludes that:

a)      joinder of all members of the Settlement Class in a single proceeding would be impracticable, if not impossible, because of their number and dispersion;

b)      no conflict exists between the Class Representative or Class Counsel and the Settlement Class;

c)      the Class Representative and Class Counsel are adequate representatives for the Settlement Class;

d)      the Class Representative's claims are typical of the Settlement Class;

e)       the Class Representative is a member of the Settlement Class and has claims representative of the claims and defenses presented in this case;

f)      commonality is satisfied in this case for settlement purposes as a number of common issues exist among members of the Settlement Class;

g)      common issues predominate over individual issues in the context of settlement; and

h)      certification of an agreed-upon settlement class is a superior mechanism for resolving these claims.

6.      Subject to further consideration at the Settlement Approval Hearing described below, the Court preliminarily approves the Settlement Agreement and the Settlement contemplated thereby, including the terms and conditions for settlement and dismissal with prejudice of the Federal Action.  The Parties entered into the Settlement Agreement in good faith following arms-length negotiation by counsel, including mediation sessions with the Honorable Edward Infante, retired Chief Magistrate Judge of the U.S. District Court, Northern District of California.

7.      The Court appoints Kinsella Media as the Notice Expert for the Settlement Class, who will administer the Notice Plan in accordance with the Settlement Agreement.

8.      The Court finds that the proposed long-form and summary notices attached as the revised Exhibits A and B to this Preliminary Approval Order ("Notices", "Exhibit A", "Exhibit B"), Docket No. 278, and the Notice Plan attached as the revised Exhibit C to the Settlement Agreement ("Exhibit C"), Docket No. 279, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and provide for the best notice practicable under the circumstances.  The Court further gives its approval to the form, content and disseminating procedures for the Notices to the Settlement Class as set forth in the Notice Plan, which shall include the following, without limitation:

a)      Not later than twenty days following entry of this Preliminary Approval Order or as soon thereafter as practicable, the Notice Expert shall cause a copy of the long-form notice, substantially in the form annexed as Exhibit A to this Preliminary Approval Order, to be mailed by first class mail to all individuals that Defendants have identified on the list transmitted to Plaintiffs' Counsel on July 1, 2010;

b)      Not later than twenty days following entry of this Preliminary Approval Order or as soon thereafter as practicable, the Notice Expert shall cause a copy of the summary notice, substantially in the form annexed as Exhibit B to this Preliminary Approval Order, to be published through consumer magazines, newspaper supplements and online media as detailed in the Notice Plan;

c)      Not later than twenty days following entry of this Preliminary Approval Order or as soon thereafter as practicable, the Notice Expert shall cause the release on Business Wire and PR Newswires US1 National Wire of a copy of the summary notice, substantially in the form annexed as Exhibit B to this Preliminary Approval Order;

d)       The Notices will contain information directing the readers to a website at www.LennoxHearthClass.com and an automated telephonic hotline at 877-896-4837 that will provide information concerning the Settlement, including, if desired, copies of the Notices.  The English language version of the long form notice shall include a statement in Spanish that a Spanish version of the long form notice will be available on the settlement website.

9.       On or before May 26, 2011, the Notice Expert will file proof with the Court (by an appropriate affidavit or declaration) of providing the required notification to the Settlement Class.

10.      Defendants properly and timely notified the appropriate state and federal officials of the Settlement Agreement, as required by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The Court has reviewed the Defendants' CAFA notices and accompanying materials, and finds that they complied with the applicable requirements of CAFA.  Defendants also have provided a copy of these submissions to Class Counsel.

11.      The Court appoints Rust Consulting as the Settlement Administrator, who will administer the Claims Administration Plan in accordance with the Settlement Agreement.

12.      The Court finds that the proposed Claims Administration Plan (attached as Exhibit D to the Settlement Agreement) fairly and adequately addresses the matters of settlement administration, claims submission and distribution of the Class Settlement Consideration to Authorized Claimants.  To become an Authorized Claimant to the Class Settlement Consideration in the event the Settlement is finally approved, a member of the Settlement Class must submit a claim in the manner set forth in the instructions accompanying the Claim Form.  In the event of final approval and after the occurrence of the Effective Date, Defendants will make distributions of the Class Settlement Consideration to Authorized Claimants in accordance with the Claims Administration Plan and the Settlement Agreement.

13.     Any member of the Settlement Class shall have the right to opt out of the Settlement Class by sending a written request for exclusion from the Settlement Class to the address listed in the long form notice, postmarked no later than **May 2, 2011**.  To be effective, the request for exclusion must (a) include the Person's statement indicating the desire to be excluded from the Settlement in *Keilholtz v. Lennox Hearth Products* and (b) fully comply with the requirements for exclusion set forth in the Claims Administration Plan.   On or before May 26, 2011, the Settlement Administrator shall provide to the Court and Parties' Counsel the names and addresses of the Persons who timely and properly opted out of the Settlement Class, as well as the total number of such Persons.

14.     The Court will exclude from the Settlement Class those who timely and validly request exclusion in substantial compliance with the requirements of this Preliminary Approval Order and the Claims Administration Plan.  If a timely and valid request for exclusion is made by a member of the Settlement Class, then that member will not be entitled to participate in the Settlement and cannot object to the Settlement.  In the event the Settlement is finally approved, all members of the Settlement Class (whether or not he/she or it submits a valid Claim Form) who have not validly excluded themselves from the Settlement Class shall be bound by all determinations and judgments concerning the Settlement Agreement and the Settlement contemplated thereby.

15.     The Court further orders that:  (a)  all proceedings in the Actions are stayed, other than proceedings in furtherance of the Settlement and (b) all members of the Settlement Class and all Persons acting or purporting to act on behalf of any member(s) of the Settlement Class, who do not timely and properly opt-out from the Settlement Class in accordance with the court-ordered procedures are enjoined under the All Writs Act, 28 U.S.C. 1651, the Anti-Injunction

Act, 28 U.S.C. 2283, and Federal Rule of Civil Procedure 65, from commencing or prosecuting any action, suit, proceeding, claim, or cause of action (except those based on personal injury), in any jurisdiction, court or forum against a Released Party relating to or arising out of the subject matter of the Actions.

16.     A Settlement Approval Hearing shall be held before this Court on June 2, 2011, at 2:00 p.m. at 1301 Clay Street, Oakland, California in Courtroom Two, Fourth Floor to determine whether the Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to the Settlement Class and should be finally approved by the Court; whether the Judgment and Order of Dismissal as provided in Exhibit F of the Settlement Agreement should be entered, and to determine the amount of fees and expenses that should be awarded to Class Counsel.  The date and time of the Settlement Approval Hearing shall be set forth in, *inter alia,* the Notices.

17.     Class Counsel shall apply to the Court for an award of attorneys' fees and costs no later than March 30, 2011.  This application for attorneys' fees and costs shall be posted on the website at www.LennoxHearthClass.com and shall be available for review by the Settlement Class on or before April 1, 2011.

18.     Any member of the Settlement Class may object to the Settlement if he/she or it has any reason why the Settlement should not be approved as fair, reasonable and adequate, or why the Judgment and Order of Dismissal should not be entered.  Any member of the Settlement Class may also object if he/she or it has any reason why attorneys' fees and expenses should not be awarded to Class Counsel.  In either event, however, unless otherwise ordered by the Court, any objector must, on or before **May 2, 2011**, (a) prepare a written objection, including the basis therefore, and any supporting written or documentary materials and (b) fully comply with the requirements for objections set forth in the Claims Administration Plan.  All of the required

information and materials must be filed (by hand or first class mail) with the Clerk of the United States District Court of the Northern District of California, Oakland Division 1301 Clay Street, Suite 400 S, Oakland, California 94612-5212 and served (by first class mail) on the Settlement Administrator of the Lennox Hearth Settlement at P.O. Box 2390, Faribault, MN 55021-9090. The Settlement Administrator shall promptly, and in any event within two business days after receipt, provide copies of such written objections and materials to the Parties' Counsel.  Any member of the Settlement Class who does not make his, her or its objection in the manner provided in this Preliminary Approval Order and the Claims Administration Plan shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement as incorporated in the Settlement Agreement and to the award of attorneys' fees and expenses to Class Counsel, but shall otherwise be bound by the Judgment and Order of Dismissal to be entered and the releases to be given.

19.     If a member of the Settlement Class wishes to appear at the Settlement Approval Hearing either in person or through counsel, the Person must file with the Clerk of the Court and serve upon the Settlement Administrator (at the addresses in the paragraph above) a Notice of Intention to Appear, postmarked no later than **May 19, 2011**.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence or information the member of the Settlement Class and/or his or her counsel will present to the Court at the Settlement Approval Hearing, along with all other information required by the Claims Administration Plan for Notices of Intention to Appear.  Any member of the Settlement Class and/or his or her attorney who does not file a timely Notice of Intention to Appear in accordance with the Claims Administration Plan may be foreclosed from speaking at the Settlement Approval Hearing.

20.     Papers in support of the Settlement, including any responses to a timely and properly filed objection, shall be filed with the Court and served on or before May 19, 2011.

21.     The Court reserves the right to adjourn the date of the Settlement Approval Hearing or modify any other dates set forth in this Preliminary Approval Order without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

22.     Neither the Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement is evidence, or an admission or concession by any Party, any Released Party or any signatory to the Settlement Agreement, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in any of the Actions, or any other actions or proceedings.  The Settlement Agreement is not a finding or evidence of the validity or invalidity of any claims or defenses in any of the Actions or any wrongdoing by any of the Defendants or any damages or injury to any member of the Settlement Class.  Neither the Settlement Agreement, nor any of the terms and provisions of the Settlement Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the settlement proceedings, nor any statements in connection therewith: (a) will (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of any infirmity of any defense, or of any damage to any Plaintiff or  member of the Settlement Class; or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

any of the Actions, or of any purported liability, fault, or wrongdoing of the Released Parties or of any injury or damages to any Person; or (b) otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever. Provided, however, (x) the Settlement Agreement and/or Judgment and Order of Dismissal may be introduced in any proceeding, whether before the Court in the Federal Action or otherwise, as may be necessary to argue that the Settlement Agreement and/or Judgment and Order of Dismissal has res judicata, collateral estoppel or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or Judgment and Order of Dismissal; and (y) the notices, warnings, Screen Enhancements, and public information related to the Settlement may be used by Defendants in defending any Personal Injury Claim.

23.     If the Settlement is terminated by Defendants pursuant to the terms of the Settlement Agreement, or if any specified condition to consummation of the Settlement set forth in Section IV(I)(2) of the Settlement Agreement is not satisfied for any reason, or if the Settlement is disapproved, or if the Court declines to enter the Judgment and Order of Dismissal or said judgment is reversed or modified in material part on or following appellate review, or if the Effective Date otherwise does not occur then, in any such event, the Settlement Agreement (including any amendment(s)), the MOU (including any amendment(s), this Preliminary Approval Order and all orders entered and releases delivered in connection with the Settlement, including without limitation the certification of the Settlement Class, shall be rendered null and void and of no further force or effect, without prejudice to any Party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each Party will be restored to his, her or its respective position as of the date of the execution of the MOU and they will proceed in all respects as if the Settlement Agreement and MOU had not been executed and the related orders had not been entered, and in that event all of their respective claims and

1    defenses as to any issue in any of the Actions will be preserved without prejudice in any way.

2    Accordingly, upon the occurrence of said event, *inter alia,* the Court's prior class certification

3    order dated February 16, 2009 will be reinstated in the Federal Action and Defendants will have

4    the right to oppose and appeal certification of any plaintiff class in any of the Actions or other

5    future proceedings.

6    SO ORDERED this **11th** day of **January**, **2011**.

7

8                                                    Hon. Claudia Wilken

9                                            United States District Court Judge