Clayeo C. Arnold (SBN 65070)
Kirk J. Wolden (SBN 138902)
kirk@justice4you.com
Clifford Carter (SBN 149621)
Clayeo C. Arnold
A Professional Corporation
865 Howe Avenue, Suite 300
Sacramento, CA 95825
Telephone: (916) 924-3100
Facsimile: (916) 924-1829

Ernest Cory (ASB-2279-Y83E)
F. Jerome Tapley (ASB-0583-A56T)
Hirlye R. "Ryan" Lutz, III (ASB-6641-E59L)
CORY WATSON CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

Michael F. Ram (SBN 104805)
mram@ramolson.com
RAM & OLSON, LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

Attorneys for Plaintiffs and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

KIRK KEILHOLTZ and KOLLEEN KEILHOLTZ for themselves and on behalf of those similarly situated,

Plaintiffs,

vs.

SUPERIOR FIREPLACE COMPANY; LENNOX HEARTH PRODUCTS, INC.; LENNOX INTERNATIONAL, INC. and DOES 1 through 25, Inclusive;

Defendants.

Case No.: 4:08-CV-00836-CW (JCS)

~~[PROPOSED]~~ ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came before the Court for hearing pursuant to the Order of this Court, dated January 11, 2011 ("Preliminary Approval Order"), and on the application of the Plaintiffs for a judgment finally approving the Settlement that is set forth in the Stipulation and Agreement of Settlement dated as of November 12, 2010 (collectively, including the Exhibits, the "Settlement Agreement"). Due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had for this matter and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Judgment and Order of Dismissal incorporates by reference the Preliminary Approval Order. This Judgment and Order of Dismissal further incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms contained in this Judgment and Order of Dismissal shall have the same meanings as set forth in the Settlement Agreement (in addition to those capitalized terms defined in this judgment).

2. The Court has subject matter jurisdiction over the Federal Action, including all matters necessary to effectuate the Settlement pursuant to 28 U.S.C. §1332(d).

3. For purposes of effectuating this Settlement only, the Court hereby orders final certification of the proposed Settlement Class, having found that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met. The Settlement Class is defined as follows:

a) All consumers who are residents of the United States and who own homes or other residential dwellings in which one or more Superior or Lennox brand single-pane sealed glass front gas fireplaces have been installed since February 6, 2004 through January 11, 2011, the date the Court preliminarily approved the Settlement; and

b) All consumers who are residents of California and own homes or other residential dwellings in which one or more Superior brand single-pane glass sealed front gas fireplaces have been installed between March 1, 2003 and February 5, 2004.

c) The Settlement Class closed as of January 11, 2011, the date the Court in the Federal Action entered the Preliminary Approval Order.

d) For purposes of the Settlement Class definition, "consumer" means an individual who bought his or her home or fireplace for personal, family or household purposes.

e) Excluded from this class are: (1) the judge to whom this case is assigned and any member of the judge's immediate family; (2) the lawyers in this case and any member of their immediate families; (3) the Mediator (the Honorable Edward Infante) and any member of his immediate family; and (4) anyone who suffered personal injury related to the Defendants' fireplaces.

4. A list of those Persons who timely and validly filed requests for exclusion from the Settlement Class is attached as Exhibit "1" to this Judgment and Order of Dismissal and incorporated by reference as though fully set forth in this Judgment and Order of Dismissal. The Persons appearing on Exhibit "1" shall not be members of the Settlement Class and shall have no right to receive any Class Settlement Consideration. All members of the Settlement Class (whether or not he/she or it submits a valid Claim Form) who have not validly excluded themselves from the Settlement Class shall be bound by all determinations and judgments concerning the Settlement Agreement and the Settlement contemplated thereby.

5. The Court appoints the following Plaintiffs to serve as representative of the Settlement Class ("Class Representative"): Kirk Keilholtz; Kolleen Keilholtz; Anissa Nelson-Fields; Jerry Fields; Rich Perry; and, Donna Perry. The Court appoints the following lawyers to serve as counsel for the Settlement Class ("Class Counsel"): Kirk

Wolden; Michael Ram; and, Jerome Tapley.

6. Solely for the purposes of effectuating the Settlement, with respect to the Settlement Class and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court further finds and concludes that:

a) joinder of all members of the Settlement Class in a single proceeding would be impracticable, if not impossible, because of their number and dispersion;

b) no conflict exists between the Class Representative or Class Counsel and the Settlement Class;

c) the Class Representative and Class Counsel are adequate representatives for the Settlement Class;

d) the Class Representative's claims are typical of the Settlement Class;

e) the Class Representative is a member of the Settlement Class and has claims representative of the claims and defenses presented in this case;

f) commonality is satisfied in this case for settlement purposes as a number of common issues exist among members of the Settlement Class;

g) common issues predominate over individual issues in the context of settlement; and

h) certification of an agreed-upon settlement class is a superior mechanism for resolving these claims.

7. Notice has been provided to the Settlement Class of the pendency of the Actions, the conditional certification of the Settlement Class for purposes of this Settlement, and the preliminary approval of the Settlement Agreement and the Settlement contemplated thereby. The Court finds that said notice and the related Notice Plan provided for the best notice practicable under the circumstances to all

Persons entitled to such notice and fully satisfied the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure and the requirements of due process.

8. Defendants have complied with the applicable requirements of CAFA, including timely notice of the Settlement Agreement to the appropriate state and federal officials and the provision of other required information under 28 U.S.C. section 1715. The Court did not receive any expression of concern or objection to the Settlement or its terms from any state or federal official having received such notice.

9. The Court finds that the proposed Claims Administration Plan fairly and adequately addresses the matters of settlement administration, claims submission and distribution of the Class Settlement Consideration to Authorized Claimants. To become an Authorized Claimant to the Class Settlement Consideration, a member of the Settlement Class must submit a claim in the manner set forth in the instructions accompanying the Claim Form. Defendants will make distributions of the Class Settlement Consideration to Authorized Claimants in accordance with the Claims Administration Plan and the Settlement Agreement.

10. All members of the Settlement Class whose claims are not approved (including, without limitation, anyone who does not submit a Claim Form by the end of the Claims Period) will be barred from participating in the distribution of Class Settlement Consideration, but in all other respects will be bound by all of the terms of the Settlement Agreement and the terms of this Judgment and Order of Dismissal, including without limitation, the releases provided for in the Settlement Agreement and in this order, and will be barred from bringing or prosecuting any action against the Released Parties concerning the Released Claims.

11. The Court has considered and hereby overrules any and all objections by members of the Settlement Class, and finds they are no impediment to approval of the Settlement. The Court notes that, despite having received a Notice of Intention to Appear from Objector Narkin on his own behalf and those of purported Objectors

Martinettis and Brumitts, Objector Narkin did not appear at the final Settlement Approval Hearing on June 2, 2011 at 2 p.m.

12. The Court finds that the Settlement Agreement was arrived at in good faith following extensive arms-length negotiations between experienced counsel, and the Settlement is fair, reasonable and adequate as to all members of the Settlement Class within the meaning of Rule 23(e)(2) of the Federal Rules of Civil Procedure. In reaching this conclusion, the Court has considered all factors set forth in *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009, *Staton v. Boeing Co.*, 327 F.3d. 938, 959 (9th Cir. 2003). Specifically, the Court has considered all the following factors and concluded that they support final approval of the Settlement: the strength of Plaintiffs' case, the risk and complexity of further litigation, and the risks of maintaining class status throughout the litigation, the substantial benefits offered to class members, the extent of discovery and the status of the proceedings at the time of settlement, the experience and views of counsel, the lack of settlement participation by those federal and state governmental entities placed on notice of this Settlement, and the Settlement Class members' reaction. There is a complete lack of evidence of any collusion, and the Court recognizes the participation of Court appointed mediator, Hon. Edward Infante (ret.) whose own opinions regarding the settlement are reflected in his Declaration dated November 30, 2010. See Docket No. 267-4. The Court therefore approves the Settlement Agreement and the Settlement contemplated thereby in all respects, and orders the Parties to perform its terms to the extent the Parties have not already done so.

13. The Federal Action, as well as all of the Released Claims, are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

14. Upon the Effective Date, the Plaintiffs and the Settlement Class shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have,

fully, finally, and forever released, relinquished and discharged the Released Parties from all Released Claims.

15. Upon the Effective Date, the Defendants and the Released Parties shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, the Settlement Class and Plaintiffs' Counsel from all claims, known or unknown, based upon or arising out of the institution, prosecution, settlement or resolution of the Actions or the Released Claims.

16. Notwithstanding the above releases, (a) no Person participating in the Settlement as a member of the Settlement Class has released any Personal Injury Claim or any right to pursue any Personal Injury Claim in a separate litigation; (b) in no event will a Personal Injury Claim be deemed to be barred by the release of the Released Claims under the doctrines of res judicata, collateral estoppel, a bar against splitting of claims or otherwise; and © in no event will the Settlement or Settlement Agreement be construed to preclude Defendants from basing, in whole or in part, any defense to any Personal Injury Claims on the notices, warnings, Screen Enhancements, and public information related to the Settlement.

17. The Court further orders that: (a) all proceedings in the Actions are stayed, other than proceedings in furtherance of the Settlement and (b) all members of the Settlement Class and all Persons acting or purporting to act on behalf of any member(s) of the Settlement Class, who do not timely and properly opt-out from the Settlement Class in accordance with the court-ordered procedures are enjoined under the All Writs Act, 28 U.S.C. 1651, the Anti-Injunction Act, 28 U.S.C. 2283, and Federal Rule of Civil Procedure 65, from commencing or prosecuting any action, suit, proceeding, claim, or cause of action (except those based on personal injury), in any jurisdiction, court or forum against a Released Party relating to or arising out of the subject matter of the Actions.

18. Neither the Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement is evidence, or an admission or concession by any Party, any Released Party or any signatory to the Settlement Agreement, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in any of the Actions, or any other actions or proceedings. The Settlement Agreement is not a finding or evidence of the validity or invalidity of any claims or defenses in any of the Actions or any wrongdoing by any of the Defendants or any damages or injury to any member of the Settlement Class. Neither the Settlement Agreement, nor any of the terms and provisions of the Settlement Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the settlement proceedings, nor any statements in connection therewith: (a) will (I) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of any infirmity of any defense, or of any damage to any Plaintiff or member of the Settlement Class; or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in any of the Actions, or of any purported liability, fault, or wrongdoing of the Released Parties or of any injury or damages to any Person; or (b) otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever. Provided, however, (x) the Settlement Agreement and/or Judgment and Order of Dismissal may be introduced in any proceeding, whether before the Court in the Federal Action or otherwise, as may be necessary to argue that the Settlement Agreement and/or Judgment and Order of

Dismissal has res judicata, collateral estoppel or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or Judgment and Order of Dismissal; and (y) the notices, warnings, Screen Enhancements, and public information related to the Settlement may be used by Defendants in defending any Personal Injury Claim.

19. Pursuant to the Settlement Agreement, Defendants have agreed to pay Class Counsel the amount of the Fee and Expense Award ordered prior to the Effective Date by the Court up to $4,750,000 in attorneys' fees and $180,000 in expenses. The agreement regarding fees and costs was reached after Mediator Infante reviewed the daily time records for each Class Counsel firm recorded contemporaneously by such counsel using time and billing software designed for such purpose. The Court finds that an award of attorneys' fees in the amount of $ 4,750,000, and expenses of $ 180,000 is fair and reasonable, and therefore pursuant to the Settlement Agreement, Defendants shall pay said amount of attorneys' fees and expenses to Arnold Law Firm as receiving agent for Class Counsel in full satisfaction of any claim for attorneys' fees and expenses within five (5) business days after the Effective Date, subject to the terms and conditions of the Settlement Agreement ("Fee and Expense Award").

20. Pursuant to the agreement of the Parties, the Court hereby severs the above Fee and Expense Award from this Judgment and Order of Dismissal so that it shall immediately become a separate and independent order and not part of this Judgment and Order of Dismissal.

21. Without affecting the finality of this Judgment and Order of Dismissal in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and the Claims Administration Plan, including without limitation, administrative determinations of the Settlement Administrator accepting and rejecting claims and any distributions of Class Settlement Consideration; (b) the payment of

attorneys' fees and expenses; and © all Parties and the Parties' Counsel for the purpose of construing, enforcing, and administering the Settlement Agreement.

22. If the Settlement is terminated by Defendants pursuant to the terms of the Settlement Agreement, or if any specified condition to consummation of the Settlement set forth in Section IV(I)(2) of the Settlement Agreement is not satisfied for any reason, or if the Settlement is disapproved, or if the Court declines to enter the Judgment and Order of Dismissal or said judgment is reversed or modified in material part on or following appellate review, or if the Effective Date otherwise does not occur, then, in any such event, the Settlement Agreement (including any amendment(s)), the MOU (including any amendment(s), this Judgment and Order of Dismissal, the Preliminary Approval Order, the Fee and Expense Award and all orders entered and releases delivered in connection with the Settlement, including without limitation the certification of the Settlement Class, shall be rendered null and void and of no further force or effect, without prejudice to any Party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each Party will be restored to his, her or its respective position as of the date of the execution of the MOU and they will proceed in all respects as if the Settlement Agreement and MOU had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in any of the Actions will be preserved without prejudice in any way. Accordingly, upon the occurrence of said event, *inter alia,* the Court's prior class certification order dated February 16, 2009 will be reinstated in the Federal Action and Defendants will have the right to oppose and appeal certification of any plaintiff class in any of the Actions or other future proceedings.

///

///

///

SO ORDERED this 10 day of June, 20 11.

Hon. Claudia Wilken
United States District Court Judge

APPROVED AS TO FORM:

MCKOOL SMITH, P.C.
LEWIS T. LECLAIR (Bar No. 77136)
ROBERT ELKIN (*Pro Hac Vice*)
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044
lleclair@mckoolsmith.com
relkin@mckoolsmith.com

MCKOOL SMITH, P.C.
Gayle R. Klein (Bar No. 237975)
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
gklein@mckoolsmith.com

Downey Brand LLP
WILLIAM R. WARNE (Bar No. 141280)
MICHAEL J. THOMAS (Bar No. 172326)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
bwarne@downeybrand.com
mthomas@downeybrand.com

Attorneys for Defendants
LENNOX HEARTH PRODUCTS INC.; LENNOX INTERNATIONAL INC.; LENNOX INDUSTRIES INC.



Clayeo C. Arnold (SBN 65070)
Kirk J. Wolden (SBN 138902)
kirk@justice4you.com
Clifford C. Carter (SBN 149621)
CLAYEO C. ARNOLD
A Professional Corporation
865 Howe Avenue, Suite 300
Sacramento, CA 95825
Telephone: (916) 924-3100
Facsimile: (916) 924-1829

Ernest Cory (ASB-2279-Y83E)
F. Jerome Tapley (ASB-0583-A56T)
CORY WATSON CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

Michael F. Ram (SBN 104805)
mram@ramolson.com
RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

Attorneys for the Plaintiff SETTLEMENT Class

Keilholtz v. Lennox Hearth Products

Exclusions

| | Name | Address | City | State | Zip |
|---|---|---|---|---|---|
| 1 | PAOLO D'ALBERTO AND SHANYI SHEN | 1768 RINGWOOD AVE | SAN JOSE | CA | 95131 |
| 2 | JAMES D FRIEDMAN | 1996 W HIDDEN RESERVE CT | MEQUON | WI | 53092 |
| 3 | STANTON L OLSON AND DENA L OLSON | 10204 N WILLOW AVE | KANSAS CITY | MO | 64157 |
| 4 | TOMOYASU ISHIGAMI | 1800 OAK STREET UNIT 808 | TORRANCE | CA | 90501 |
| 5 | DEBRA A LUNA | 103 RED ALDER TRL | SAN ANTONIO | TX | 78256 |
| 6 | ROBERT WILKS | 4243 GLENSTREAM DR | BATAVIA | OH | 45103 |
| 7 | MARCY G INGLESE AND LAUREANO L INGLESE | 689 GILLETT RD | ROCHESTER | NY | 14624 |
| 8 | WILLIAM F GRADISHER | 15 HONEYSUCKLE DR | MANAHAWKIN | NJ | 08050 |
| 9 | MAUREEN T GRADISHER | 29 MULBERRY DR | MANAHAWKIN | NJ | 08050 |
| 10 | RYAN W STEWART | 70 GULL VIEW CT | OAKLEY | CA | 94561 |
| 11 | CAROLE DICKENSON | 20 MERGANSER CT | OAKLEY | CA | 94561 |
| 12 | CURTIS MANNING | 20 SNOWY EGRET CT | OAKLEY | CA | 94561 |
| 13 | CINDY PEIRCE AND ALAN PEIRCE | 21 PUFFIN CIR | OAKLEY | CA | 94561 |
| 14 | WILLARD SAUNDERS | 22 WEST 260 NORTH | HYDE PARK | UT | 94318 |
| 15 | THOMAS GAMACHE AND JULIET GAMACHE | 1407 S FLANDERS ST | AURORA | CO | 80017 |

